IN RE BROOKS.

[No. 0-771. Filed March 9, 1966.]

*Earl K. Brooks, pro se.*

PER CURIAM.—The petitioner has filed his petition asking for the issuance of a citation to the public defender ordering him to show cause why he should not represent the petitioner on a petition for writ of habeas corpus in the LaPorte Circuit Court. The public defender has filed his answer.

The petitioner was charged with Grand Larceny and thereafter an attorney entered his appearance and the cause was submitted to the Criminal Court of Marion County, Div. 1, without intervention of a jury on December 6, 1962. The petitioner was found guilty of a lesser included offense of petit larceny and sentenced to the Indiana State Prison for a period of not less than one or more than five years.

On November 4, 1964, the petitioner filed a petition for a writ of habeas corpus in the LaPorte Circuit Court, alleging that the Criminal Court of Marion County did not have jurisdiction to try, and sentence the defendant because over three terms of court had expired from the time of his original arrest, to the time of the trial.

The petitioner was represented before and at the time of his trial by competent counsel, and neither the petitioner nor his counsel has filed any motions or plea in abatement to be discharged because of the three term statute. If a defendant in a criminal action has failed to make a timely objection because of the three term statute, before going to trial, his right to a speedy trial is waived.

"Neither this constitutional provision nor the implementing statute is self-executing. While it is true that there is no burden upon the defendant to request a speedy trial, nevertheless, if the terms of court specified in the statute go by and he is, through no fault of his own, not brought to trial, the burden of invoking the statute then falls upon

him and his rights thereunder can be asserted only through some affirmative action on his part." *Randolph* v. *State* (1954), 234 Ind. 57, at 64, 122 N. E. 2d 860.

From an examination of the petition and the investigation made by the public defender, it appears that the public defender is justified in declining to represent the petitioner, since there appears to be no meritorious ground for setting aside his conviction.

The petition is therefore dismissed.

Jackson, J., concurs in result.

NOTE.—Reported in 214 N. E. 2d 653.