DALE E. UTTERBACK *v.* STATE OF INDIANA.

[No. 474S91. Filed May 2, 1974.]

*J. E. Holwager, Holwager & Harrell,* of Beech Grove, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PRENTICE, J.—This case is before us upon the plaintiff's (appellee's) petition to transfer from the Court of Appeals, Second District. The decision and opinion of that Court which

appears at 300 N. E. 2d 688 reversed the judgment of the trial court upon the first issue as hereinafter discussed. Transfer is hereby granted, and the decision of the Court of Appeals is set aside.

Defendant was convicted of second degree burglary in a trial by jury and was sentenced to imprisonment for not less than two (2) nor more than five (5) years. His appeal presents four issues, to-wit:

I. Ruling of the trial court denying the defendant's motion for discharge under Criminal Rule 4(B).

II. Ruling of the trial court permitting the State to amend the affidavit on the day of trial.

III. Denial of the defendant's challenge to the array by reason of some discussion of the case having taken place in the court room in their presence.

IV. Overruling, in advance of filing, of a defense motion for mistrial.

\* \* \*

ISSUE I. The defendant, by counsel, filed a motion for early trial on May 18, 1972. The court, at that time and in the presence of the prosecutor and the defense counsel, set the trial for August 7, 1972. Without taking into account a possible intervention of holidays, this appears to have been fifty-four judicial days later. The defendant appeared on the date of trial and filed his motion for discharge for delay beyond fifty judicial days, relying upon Criminal Rule 4(B).

In *Bryant* v. *State* (1973), 261 Ind. 172, 301 N. E. 2d 179 and in *Layton* v. *State* (1973), 261 Ind. 251, 301 N. E. 2d 633, we held that under Criminal Rule 4 it was incumbent upon the defendant to protest, at his first opportunity, if his trial date was set for a date subsequent to that permitted under the rule and that his failure to do so must be regarded as acquiescence and a waiver. These cases concerned the six months rule rather than the fifty judicial day rule and not yet been decided when the decision in the case under consideration was made. The State claimed that the defendant was estopped to invoke the rule, inasmuch as he did not object

at the time of the setting. The Court of Appeals, however, was not impressed by this rationale and simply said: "We do not perceive the protections afforded by Rule CR. 4(B) to require a defendant to familiarize the prosecutor and the court with critical procedures. It is the responsibility of the State to prosecute and to prosecute properly."

On petition for rehearing, the Court of Appeals acknowledged the subsequent holding of this Court in *Bryant* and *Layton*, which had been handed down in the interim, but held that they were not applicable to the fifty judicial day rule, saying "We do not construe Rule CR. 4(B) to require a similar objection. Such would be redundant. The fifty (50) day period specified in Rule CR. 4(B) does not commence until after the defendant has taken affirmative action, i.e., requested an early trial. Such defendant cannot properly be said to have set a trap for the prosecution by failing to assert his rights as was the apparent rationale for the holding in *Bryant* v. *State, supra*." The Court of Appeals further regarded the provision for discharge in Rule CR. 4(B), which was not embodied in CR. 4(A) as being significant.

We did not intend, either by *Bryant, supra,* or *Layton, supra,* to imply that the defendant had laid a trap for the court or that our decision based upon waiver should not be equally applicable under both Rule CR. 4(A) and Rule CR. 4(B). The slight difference in the mechanical operation to the two rules does not warrant a different treatment when the court errs and the error is known to the party. The purpose of the rules is to assure early trials and not to discharge defendants. The material difference between the rules is that under the one the time starts running automatically, while under the other the defendant must trigger it with a motion. In either event, when a ruling is made that is incorrect, and the offended party is aware of it, or reasonably should be presumed to be aware of it, it is his obligation to call it to the court's attention in time to permit a correction. If he fails to do so, he should

not be heard to complain. The courts are under legal and moral mandate to protect the constitutional rights of accused persons, but this should not entirely relieve them from acting reasonably in their own behalf. We will vigorously enforce the right to a speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection.

ISSUE II. Defendant was originally charged in Municipal Court on April 6, 1972. On April 10th, he waived his right to a probable cause hearing and was bound over to Criminal Court. On April 26th, counsel was appointed and the defendant waived arraignment and entered a plea of not guilty. A pre-trial conference was set for May 10th. The conference was held as scheduled and the cause was set for trial by court for May 18th. On May 18th, the defendant requested an early jury trial under Rule CR. 4(B). The motion was granted and the trial set for August 7th.

At the appointed time for trial, the State filed an amended affidavit charging the same offenses but with somewhat greater specificity. The defendant thereupon filed his Rule 4(B) motion previously discussed, and after the same was overruled, he entered his objection to the filing of an amended affidavit.

The affidavit filed in Municipal Court, in pertinent parts, was as follows:

"* * * on or about April 5, 1972 at and in the County and State aforesaid, did then and there unlawfully, feloniously, and burglariously, break and enter into Building or Structure of Triangle Market situated upon premises known as 600 N. Massachusetts Ave., Marion County, Indiana, with the intent to commit a felony therein to-wit: Theft—OAPA."

The amended affidavit filed in Criminal Court, in pertinent parts, was as follows:

"* * * on or about the 5th day of April, A.D. 1972, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously

break and enter into the building and structure of George Estell, Deborah Estell, Mike Cassorla and Helen Cassorla, partners, doing business as Triangle Market, then and there situate at 600 North Massachusetts Avenue, City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said George Estell, Deborah Estell, Mike Cassorla and Helen Cassorla, partners, doing business as Triangle Market intending to deprive said George Estell, Deborah Estell, Mike Cassorla and Helen Cassorla, partners, doing business as Triangle Market of the use and benefit of said property, * * *."

The defendant has pointed out to us that the amended affidavit had been executed on April 18th and that the State had had ample opportunity to file it prior to the trial date. We agree, and unquestionably the preferred practice is to file an amended affidavit, when necessary, at the earliest possible time. We do not agree, however, that there were substantive changes in the amended affidavit, and we fail to perceive harm thereby. He could not have been misled or placed under a greater burden in the preparation of his defense. In fact, the additional information included in the amended affidavit placed restrictions upon the State.

Defendant further argues that to permit the late filing of the amended affidavit was erroneous in that it entitled him to a continuance but that to have moved for such would have prejudiced his right to a discharge under Rule CR. 4. However, we do not agree that he would have been entitled to a continuance in this case. A motion therefore would have been properly refused, hence we need not go to that question.

ISSUE III. Following an adverse ruling upon his objection to the filing of the amended affidavit, the defendant moved to strike the regular jury panel and venire (challenge to the array) by reason of "* * * some discussion of the case

in the court room." This motion was overruled. Citing *Spencer* v. *State* (1958), 237 Ind. 622, 147 N. E. 2d 581, the defendant states: "The record is silent as to what remarks or conversations may have been heard by the prospective jurors and by what means or manner the defendant may have been prejudiced, nonetheless the permitting of prospective jurors to freely mingle with other defendants, spectators, witnesses, and others participating in criminal cases unrelated to the case they subsequently will hear, is a practice which should be condemned, * * *." What was written by Chief Justice Arterburn in the *Spencer* case, *supra*, was: "We do not approve of the practice of permitting the jury to mingle freely with the spectators and those participating in the trial during the trial, under the conditions stated." The "conditions stated" do not faintly resemble the circumstances complained of in the case before us. Such exposure, if any, as the jurors might have had occurred prior to the trial. The purpose of the voir dire examination is to explore such possibilities. Only sheer conjecture and speculation would support even a suspicion that any of the jurors in this case could have been prejudiced in any way by what they might have observed or overheard prior to the voir dire examination.

ISSUE IV. Following the adverse ruling upon his challenge to the array, the trial judge added: "Defendant's motion for mistrial is overruled in advance." Other than to say that this was clearly error, the defendant has not enlightened us, and the record is bare with respect to what was intended. There was no motion for discharge before the court, and we know of no procedure by which a judge can anticipate motions and rule upon them in advance. Judges should not attempt to intimidate counsel in this manner or in any other manner, but neither should counsel present frivolous motions. Without suggesting that the court intended to intimidate, there is no indication that counsel was in any way intimidated. On the contrary, it appears that the defendant was zealously represented and obtained a fair trial. The State's evidence

disclosed that he was apprehended in the act of burglary. He offered no evidence in his defense.

We find no error, and the judgment of the trial court is affirmed.

Arterburn, C.J. and Givan and Hunter, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DeBruler, J.—While it may be argued as it was in *Bryant* v. *State* (1973), 261 Ind. 172, 301 N. E. 2d 179, that the defendant acquiesces in the delay of his trial beyond the time limited by the provisions of CR. 4(A), by his failure upon notification, to lodge an objection to that trial date, it may not be so validly argued in this case which is governed by CR. 4(B). Criminal Rule 4(B), reads as follows:

"If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty (50) judicial days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such fifty (50) judicial days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule."

By this rule the defendant must specifically request that he be put to trial within fifty days. Where as here, such request is specifically made, there is no basis upon which to rest any presumption or belief that the defendant acquiesces in or agrees to a trial setting beyond the fifty-day period. As Judge Sullivan put it, for the Second District Court of Appeals, it would be redundant for the defendant to object to a trial setting beyond the fifty-day period. This is so because the motion itself constitutes a clear objection to a trial beyond the fifty days. When the defendant exercises his option to file a fifty-day motion, he notifies the trial court and the State that he perceives his speedy trial interests as being

served by the expedited trial, and that a trial beyond the fifty days will impinge upon his speedy trial interests, and that if he is not put to trial within the next fifty days, he will move for and be entitled to his discharge.

The requirement, erected by *Bryant, supra,* that the defendant must object to a trial setting which takes the case beyond the six months limitation set by CR. 4(A), was a response to several factors which do not play a role in a case governed by CR. 4(B). In such cases as *Bryant,* it is difficult at any given time to determine exactly when the six months period will expire. Procedural moves and counter moves are constantly requiring the State and the defendant to reassess their speedy trial positions. Also, the defendant is constantly guarded during the developments of the six months preparation period with the right under CR. 4(B) to file a fifty day motion, in the event he considers the delay to impinge upon his speedy trial interests.

I therefore dissent.

NOTE.—Reported in 310 N. E. 2d 552.