STATE OF INDIANA ON THE RELATION OF LONNIE R. WICK-LIFFE v. THE JUDGE OF THE CRIMINAL COURT OF MARION COUNTY, STATE OF INDIANA, DIVISION 4, THE HONORABLE JOHN B. WILSON.

[No. 475S85. Filed June 2, 1975.]

*Kenneth C. Kern, Hart E. Meyer, Kenneth C. Kern & Associates,* of Indianapolis, for Relator.

*James F. Kelley,* Prosecutor, 19th Judicial Circuit, of Indianapolis, for Respondents.

PRENTICE, J.—This is an original action for a writ of mandate against The Criminal Court of Marion County, Division 4, and the Judge thereof to compel the discharge of the Relator under Ind. R. Crim. P. 4(B) (1).[1]

The Relator was charged with murder in the first degree by affidavit filed in the Municipal Court of Marion County on October 25, 1974. Simultaneously, a probable cause affidavit was filed in said court relating to the Relator and in the same offense. An arrest warrant for the Relator was issued thereon, and he was arrested and incarcerated in the County Jail. On November 8, 1974, a preliminary hearing was held in said court with the Relator present in person and by counsel, and probable cause was found. Whereupon, Relator was ordered bound over to the Criminal Court of Marion County and remanded to jail.

On November 13, 1974, Relator's counsel appeared in said Municipal Court and filed a written motion for early trial, purportedly pursuant to Ind. R. Crim. P. 4(B) (1) and

---

1. Ind. R. Crim. P. 4(B) (1). Defendant in jail—Motion for early trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstances, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule.

mailed a copy thereof to the office of the prosecutor. On December 27, 1974, there was filed in the Respondent Court an indictment against the Relator for first degree murder returned by the Grand Jury of Marion County and relating to the same offense. On the same day, a capias for the arrest of the Relator was issued and served, and the Relator was retained in the County Jail, where he has remained continuously to this time.

On January 13, 1975, Relator appeared in person and by counsel and was arraigned upon the first degree murder indictment, entered a plea of not guilty and orally requested an early trial. The request was noted by Respondent Court, and the cause was scheduled for a pretrial conference on February 5, 1975.

On January 25, 1975, which was the seventy-first day following the filing of the purported motion for an early trial in the Municipal Court, counsel for the Relator filed a motion for discharge in the Respondent Court, premised upon the lapse, without having been brought to trial, of more than seventy days following the filing of the motion for an early trial. Said motion was denied, and it is that denial that is here under review.

The Respondent Court's denial of the motion for discharge is sustainable upon two grounds.

(1) The criminal jurisdiction of the Municipal Court of Marion County is limited to cases in which the maximum penalty is a fine of less than $1,000.00 and imprisonment of not more than one year, to the holding of persons to bail before the proper court (or to commit them in default of such bail) and to the hearing of preliminary charges for the purpose of determining probable cause in felony charges filed by information. Ind. Code § 33-6-1-2 (c) and (d), Burns § 4-5802 (c) and (d) ; Ind. Code § 18-1-14-5, Burns § 48-552; Ind. Code § 35-4-1-1,

Burns § 9-704(a). It has no jurisdiction to try the Relator upon the charge of first degree murder. Consequently, it was without power to act in response to the purported motion. The motion was a nullity and should have been stricken *sua sponte*. The failure of the Municipal Court to do so, however, is of no consequence.

(2) Assuming that the filing of the early trial motion in Municipal Court commenced the runnnig of the seventy day period, a position that is untenable for the reasons aforesaid, the Relator, nevertheless, was not eligible for discharge at the time of the filing of the motion therefor. In two recent cases, *Bryant* v. *State,* (1973) 261 Ind. 172, 301 N.E.2d 179, and *Utterback* v. *State,* (1974) 261 Ind. 685, 310 N.E.2d 552, this Court established the principle that a defendant who knows that the court is making an error in assigning a trial date beyond the date permitted by the rules may not be discharged by reason of such error. The logic of such holding is that while a defendant may not be required to take affirmative action to bring himself to trial, other than to request an early trial if desired, if he sits idly by at a time when the court could yet grant to him a trial date within the proper period and permits the court, without objection, to set a date beyond the expiration of such period, he will be deemed to have acquiesced therein. "* * * The courts are under legal and moral mandate to protect the constitutional rights of accused persons, but this should not entirely relieve them from acting reasonably in their own behalf. We will vigorously enforce the right to a speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection." *Utterback* v. *State, supra.*

Relator seeks to distinguish his case from *Utterback* and *Bryant* in that the court had not yet set a trial date at the

time the motion for discharge was filed and that he could not object to a date that had not been set. This contention is untenable in view of his presence on January 13th at which time he acquiesced in scheduling the cause for pretrial conference on February 5th, a date beyond the seventieth day from the filing of the early trial motion. Obviously the trial date was to be at some date subsequent to February 5th. If that was not acceptable to the Relator it was incumbent upon him to object at the first opportunity.

The writ was denied.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 328 N.E.2d 420.