STATE OF INDIANA EX REL. RAY J. WERNKE *v*. THE SUPERIOR COURT OF HENDRICKS COUNTY AND VINCIN HELTON, JUDGE OF THE SUPERIOR COURT OF HENDRICKS COUNTY.

[No. 376S91. Filed June 15, 1976.]

*John T. Manning,* of Indianapolis, for relator.

*Seth B. Lewis,* of Danville, for respondent.

ARTERBURN, J.—This is an original action for a writ of mandate and prohibition against the Superior Court of Hendricks County and its judge to compel the discharge of the petitioner under Ind. R. Crim. P. 4(C) and prevent further action in the cause against him. The verified petition for the writ was filed on March 19, 1976. A hearing on the petition was held on March 29, 1976.

The petitioner, Ray J. Wernke, was charged on December 6, 1974, with the unlawful delivery of a controlled substance, marijuana. Arrested on December 6, the petitioner was arraigned in Hendricks County Superior Court on April 11, 1975. Trial was set for October 20, 1975. On October 17, 1975, the State moved to dismiss the cause on the grounds that the information erroneously charged delivery of marijuana when the delivery was actually of hashish. This motion was granted.

The petitioner was charged once more on October 30, 1975, by an information which specified the delivery of hashish. Following arrest of the petitioner and the posting of bond, arraignment was set for January 22, 1976. On January 20, 1976, the petitioner filed with the trial court a motion for discharge on the grounds that he had been held to answer on

his criminal charge for more than a year and was entitled to discharge under Ind. R. Crim. P. 4(C). This motion was denied on March 4, 1976. The petitioner was arraigned on March 10, at which time trial was set for March 22. These proceedings have been continued pending disposition of the petition before this court.

Ind. R. Crim. P. 4(C) provides in part that "[n]o person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later. . . ." While the two informations filed against the petitioner specified the delivery of different substances, the statutory definition of "marijuana" includes "hashish." Ind. Code § 35-24.1-1-1 (Burns 1975). In calculating the year period under Ind. R. Crim. P. 4(C), we will thus look to the date of the filing of the first information against the petitioner and his arrest, December 6, 1974.

Having determined this starting date in our calculations, there is no question that the year period had indeed run when the petitioner's motion for discharge was filed. We do not believe, however, that the petitioner was entitled to discharge. Examination of the facts reveals that the petitioner waived his right to discharge under Ind. R. Crim. P. 4(C) and cannot now complain.

The obligation of a defendant to object at the earliest opportunity when his trial date is set beyond the time limits prescribed in Ind. R. Crim. P. 4 is well-established. In *Bryant* v. *State*, (1973) 261 Ind. 172, 301 N.E.2d 179, this court affirmed the denial of that defendant's motion for discharge. In addressing the six month rule prescribed in Ind. R. Crim. P. 4(A), Justice Prentice wrote:

"Although the record does not reflect the presence of the defendant or her counsel in court at the time of the setting (June 11, 1971), counsel acknowledges that he received notice of the trial date by mail in June. He voiced no ob-

jection until after the rule time had expired. He is charged with knowledge, from the date he is notified that the trial date did not fall within the period prescribed by the rule. His failure to object, at the earliest opportunity thereafter, must be regarded as acquiesence therein and a waiver of the right to discharge for such cause." 261 Ind. at 174, 301 N.E.2d at 180.

In *Utterback* v. *State,* (1974) 261 Ind. 685, 310 N.E.2d 552, we considered the applicability of this requirement to the speedy trial provisions of Ind. R. Crim. P. 4(B). Justice Prentice again spoke for the court and compared the operation of subsections (A) and (B) of the rule:

"The purpose of the rules is to assure early trials and not to discharge defendants. The material difference between the rules is that under the one the time starts running automatically, while under the other the defendant must trigger it with a motion. In either event, when a ruling is made that is incorrect, and the offended party is aware of it, or reasonably should be presumed to be aware of it, it is his obligation to call it to the court's attention in time to permit a correction. If he fails to do so, he should not be heard to complain. The courts are under legal and moral mandate to protect the constitutional rights of accused persons, but this should not entirely relieve them from acting reasonably in their own behalf. We will vigorously enforce the right to a speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection." 310 N.E.2d at 553-554.

In *State ex rel. Wickliffe* v. *Judge of Criminal Court of Marion County,* (1975) 263 Ind. 219, 328 N.E.2d 420, we addressed the issue of whether the *Bryant* and *Utterback* cases would apply to a situation in which a trial date had not yet been set. The contention that the defendant in that case could not object to a date that had not yet been set was rejected when it was found that he had acquiesced to the scheduling of a *pretrial conference* on a date beyond the seventieth day from the filing of his early trial motion. We concluded that, obviously, the trial date had to be beyond the time limit also. If it was not acceptable to the defendant, it was incumbent upon him to object at the first opportunity.

A pre-trial conference is not unlike the arraignment set for the petitioner in that further proceedings will naturally follow. A plea of guilty may be entered at an arraignment pending further proceedings. A plea of not guilty requires that a trial be set for a future date. On November 24, 1975— within the one year period prescribed under Criminal Rule 4(C)—arraignment of the petitioner was set for January 22, 1976. The date set for arraignment was beyond the December 6, 1975 deadline and it is only reasonable to presume that the petitioner knew his trial could not take place until still later. It was not, however, until January 20, 1976, that objection was made known to the trial court through a motion for discharge. This simply was not the first opportunity available to the petitioner to object to the setting of his trial date. He thus acquiesced and waived his right to discharge under Criminal Rule 4(C).

The petition for a writ of mandate and prohibition is denied.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., dissents with opinion.

DISSENTING OPINION

DeBruler, J.—I vote to grant the writ in this case. Petitioner was entitled to discharge on January 20, 1976, upon his motion for such relief filed on that date. The parties agree that petitioner was entitled to discharge on December 6, 1975. However, the majority contends that the right to discharge was waived because petitioner raised no objection, on November 24, 1975, to the setting of the arraignment date for January 22, 1976, a date beyond December 6, 1975. The return of respondent and the record of trial court proceedings show that on November 24, 1975, the prosecutor filed a praecipe for arraignment. The trial court responded on November 24, 1975, by setting the arraignment for January 22, 1976. Neither the petitioner nor his counsel was present in court on that occasion. On the record, the judge instructed the clerk to notify attorneys. That entry reads:

"11/24/75   State of Indiana files praecipe for arraignment (H.I.). The court sets defendant's arraignment at 10:30 a.m. Jan. 22, 1976. (Clk notify attys)"

Presumably, this notice was given by mail. Upon receipt of it, counsel would have had to research the issue of whether the old charge which had been dismissed in October was the same as the new charge for Ind. R. Crim. P. 4 purposes. After that, he would have had to prepare an objection and get it before the trial court before December 6, 1975. November 24, 1975, was a Monday. November 27, 1975, the Thursday following, was Thanksgiving Day. Under these circumstances, I do not believe the petitioner had a fair opportunity to assess his speedy trial rights and present an objection before December 6, 1975. The petitioner did not waive his right to discharge under the Rule.

More importantly, the purpose served by the rule requiring the defendant in a criminal case to object to a setting beyond a discharge date is to alert the prosecutor to the effect of the delay, so that the State can comply with the speedy trial rules. Even if petitioner had objected by petition prior to December 6th, that purpose could not have been served in this case, as the petitioner could not have been put to trial by that date.

Note.—Reported at 348 N.E.2d 644.