STATE of Indiana, Appellant
(Plaintiff Below),

v.

Dennis A. REHBORG, Appellee
(Defendant Below).

No. 3–179A24.

Court of Appeals of Indiana,
Third District.

Nov. 28, 1979.

Rehearing Denied Jan. 11, 1980.

Theo. L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant.

I. Alexander Woloshansky, Toomey & Woloshansky, Merrillville, for appellee.

STATON, Judge.

The State appeals the granting of a motion for discharge made pursuant to Ind. Rules of Procedure, Criminal Rule 4(C).

We affirm.

On February 10, 1976, Dennis Rehborg was charged by an information with driving while suspended, driving left of center, and driving under the influence. He was arraigned on March 1, 1976, at which time he entered a plea of not guilty and requested a trial by jury. The matter was set for trial on May 19, 1976. On that day, the court reset the matter for trial on November 17, 1976. On October 28, 1976, the trial was again reset, this time for December 8, 1976. On December 8, 1976, the prosecutor moved for a continuance because of the unavailability of an essential witness. The motion was granted and the matter was thereafter dormant until November 9, 1977, at which time, according to a docket sheet entry, the court clerk sent notice by way of a stamped post-card to Rehborg informing him that the trial had been reset for March 1, 1978.[1] Rehborg appeared in the Portage City Court on March 1, 1978 and was found guilty on all three counts. He then sought a trial de novo from the Porter Superior Court and filed his motion for discharge with that court.

CR. 4(C) provides:

"Defendant discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; Provided, however, That in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged."

A defendant is not required to take affirmative action to obtain a trial date within the period set by CR. 4(C). *State ex rel. Back v. Starke Circuit Court* (1979), Ind., 390 N.E.2d 643. Rather, the burden is upon the State to provide a speedy trial. *State, etc. v. Hancock County Super. Court* (1978), Ind., 372 N.E.2d 169. When, however, prior to the expiration of the period set by CR. 4(C), the court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period. *State ex rel. Wernke v. Super. Ct. of Hendricks Cty.* (1976), 264 Ind. 646, 348 N.E.2d 644. If the defendant sits idly by at a time when the court could yet grant him a trial within the proper period and permits the court, without objection, to set a date beyond the proper period, he will be deemed to have acquiesced therein. *State ex rel. Wickliffe v. Judge of Criminal Court* (1975), 263 Ind. 219, 328 N.E.2d 420.

The State argues that Rehborg's failure to object to the March 1, 1978 trial date at the earliest opportunity (i. e., November 9, 1977, when he first learned of the trial date) constituted a waiver of his right to discharge. Rehborg was charged on February 10, 1976. None of the delays in the next twelve months were attributable to Rehborg. Rehborg was not even advised of the March 1, 1978 trial setting until after the period set by CR. 4(C). Thus, it was not necessary that Rehborg object at the earliest opportunity. *State ex rel. Back v. Starke Circuit Court, supra.* It was only necessary that he object prior to the trial. *In Re Brooks* (1966), 247 Ind. 249, 214 N.E.2d 653; *Randolph v. State*, (1954), 234 Ind. 57, 122 N.E.2d 860.

The State then argues that Rehborg's failure to object prior to the trial in city court constituted a waiver of his right

---

1. Rehborg contends that he never received the post-card. Rather, he maintains that he received a phone call on the morning of March 1, 1978 informing him of the setting.

to discharge. Rehborg was entitled to a trial de novo in the circuit court. IC 1971, 35–1–13–3, Ind.Ann.Stat. § 9–721 (Burns Code Ed.); *State ex rel. Rodriguez v. Grant Circuit Court* (1974), 261 Ind. 642, 309 N.E.2d 145. A trial de novo is a trial from the beginning and is a trial had as if no action whatever had been instituted in the lower court. *Hensley v. State* (1969), 251 Ind. 633, 244 N.E.2d 225. All questions may be presented which legitimately arise on the record, regardless of whether they were urged or relied on in the lower court. *City of Minden v. Harris* (1941), 196 La. 1021, 200 So. 449. Assuming arguendo that Rehborg did fail to object prior to the city court trial, he was not precluded from objecting at the superior court trial. *Cf. State ex rel. Rodriguez v. Grant Circuit Court, supra* (submission to court in city court trial does not constitute waiver of right to trial by jury in circuit court). Rehborg did not waive his right to discharge.

The order of the trial court is affirmed.

GARRARD, P. J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I dissent from the result reached by the majority opinion.

While I agree that Rehborg's trial in the superior court should be *de novo* I cannot assent to his discharge under the provision of CR. 4(C). That Rehborg was not speedily brought to trial at the city court level is of no consequence at his subsequent appeal on the merits of his case.

Rehborg did not comply with the requirement that protest be made to the court at the first opportunity that a defendant is aware or reasonably should be presumed aware that his trial date falls outside the permissible bounds for a speedy trial. *Utterback v. State* (1974), 261 Ind. 685, 310 N.E.2d 552; *Mayes v. State* (1974), 162 Ind. App. 186, 318 N.E.2d 811. Regardless of when Rehborg received notice of the trial date he had opportunity to move for discharge before commencement of the March 1, 1978 trial. His failure to timely present his contention served to waive the issue forever.

To discharge Rehborg at the superior court level frustrates the purpose of CR. 4(C) which is to assure early trials. It also results in that abuse which the *Utterback* court cautioned against:

> "The courts are under legal and moral mandate to protect the constitutional rights of accused persons, but this should not entirely relieve them from acting reasonably in their own behalf. We will vigorously enforce the right to a speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection."

310 N.E.2d at 554.

As a consequence of the waiver Rehborg sought the benefit of a finding and judgment upon the merits in the city court. Upon losing his case in that court Rehborg should not be heard to complain that the trial was not timely, but rather should proceed with his challenge of the judgment upon the merits. This result best serves the interests of justice and judicial economy.

I would therefore grant the State's appeal with instructions that Rehborg's motion for discharge be denied and that trial on the merits of this case proceed in the Porter Superior Court.