Dewitt BANKS, Jr., Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 979S254.

Supreme Court of Indiana.

April 2, 1980.

William T. Lawrence, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Dewitt Banks, Jr., was convicted by a jury of attempted murder, Ind. Code § 35-41-5-1 (Burns 1979 Repl.), Ind. Code § 35-42-1-1 (Burns 1979 Repl.), and

sentenced to thirty years' imprisonment. He now appeals raising solely the issue of whether the trial court erred in denying defendant's motion for discharge pursuant to Ind.R.Crim.P. 4(B).

On September 29, 1978, John A. Lund, an officer with the Indianapolis Police Department, executed a probable cause affidavit and information charging defendant with attempted murder. The information was filed in Marion County Municipal Court No. 10. Defendant was arrested and incarcerated on or about November 9, 1978. On November 30, 1978, defendant filed a demand for speedy trial in the Municipal Court. On February 5, 1979, an information charging defendant with attempted murder was filed in the Marion Criminal Court. Defendant claims that he moved for discharge under Ind.R.Crim.P. 4(B) on February 7, 1979, the sixty-ninth day following the original filing of the motion for early trial, and that said motion was denied. The record reveals only that defendant requested a speedy trial on February 7.

In Indiana a defendant shall be discharged if not brought to trial within seventy days from the date of a motion for early trial. Ind.R.Crim.P. 4(B). Defendant asserts that February 7, 1979, was the seventieth day after November 30, 1978, the date on which he filed his motion for early trial. Even if that were true, his motion for discharge was properly overruled because the trial could still commence sometime on that seventieth day. Yet, our count establishes February 7 was the sixty-ninth day following the early trial motion, thus solidifying our conclusion that the motion for discharge was premature and properly overruled.

There are several other flaws in defendant's argument. First, as noted above, the record reveals neither his motion for discharge nor the trial court's ruling thereon. An error alleged but not disclosed by the record is not a proper subject for review. *Mendez v. State*, (1977) 267 Ind. 309, 370 N.E.2d 323.

Furthermore, the Municipal Court of Marion County lacks jurisdiction over a charge of attempted murder. Ind.Code § 33-6-1-2 (Burns 1975), Ind.Code § 18-1-14-5 (Burns 1974), Ind.Code § 35-4-1-1 (Burns 1979 Repl.). The November 30, 1978, motion for early trial was a nullity and should have been stricken *sua sponte* by that court. Therefore, the seventy-day period did not commence running when the motion was filed in the Municipal Court. *State ex rel. Wickliffe v. Judge of the Criminal Court of Marion County*, (1975) 263 Ind. 219, 328 N.E.2d 420.

Finally, defendant did not object to the setting of the date for trial.

"[I]t was incumbent upon the defendant to protest, at his first opportunity, if his trial date was set for a date subsequent to that permitted under the rule and that his failure to do so must be regarded as acquiescence and a waiver." *Utterback v. State*, (1974) 261 Ind. 685, 686, 310 N.E.2d 552, 553.

Here, it would appear, defendant had already been frustrated by the denial of his motion for discharge. However the necessity for an objection remains. This situation is analogous to the requirement that a defendant renew his objection to the admission of evidence even though a prior motion in limine or motion to suppress has been denied. *Stubblefield v. State*, (1979) Ind., 386 N.E.2d 665, *Harrison v. State*, (1972) 258 Ind. 359, 281 N.E.2d 98.

Defendant has not properly brought a Criminal Rule 4(B) violation before this Court. To the extent we are able to address the merits of his contention, we find no trial court error. For the foregoing reasons the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.