**STATE of Indiana ex rel. Brandon ENGLE, Relator,**

v.

**GREENE CIRCUIT COURT and the Honorable David K. Johnson, Judge, Respondents.**

**STATE of Indiana ex rel. Mark SOLLARS and Frank Lee Cox, Relators,**

v.

**GREENE CIRCUIT COURT and the Honorable David K. Johnson, Judge, Respondents.**

Nos. 880S348, 880S349.

Supreme Court of Indiana.

June 22, 1981.

James B. Sparks, Bloomfield, for relator Brandon Engle.

Joseph A. Sullivan, Bloomfield, for relators Mark Sollars and Frank Lee Cox.

J. David Holt, Pros. Atty., Jesse Cook, Deputy Pros. Atty., Greene County, Bloomfield, for respondents.

GIVAN, Chief Judge.

On August 22, 1980, Relator Brandon Engle filed his Verified Petition for Writ of Mandamus. On the same day his co-defendants, Sollars and Cox filed their Petition. Since the issues raised in both Petitions relate to the same material facts, the two cases have been consolidated. Following oral presentation of these Petitions to this Court, the Court unanimously declined to issue the writs. This opinion will explain our reasoning.

Each Petitioner contends he is entitled to be discharged pursuant to Ind.R.Crim.P. 4(C) which provides:

(C) Defendant discharged. No person shall be held on recognizance or otherwise

to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

Relators were arrested for burglary and conspiracy to commit burglary on May 16, 1979. The second trial setting was April 8, 1980. On April 3, five days before the scheduled trial, the State moved for a continuance. Relators filed written objections to the State's motion but the objections were totally unrelated to CR 4(C). On April 23, the court continued the trial until July 8. On June 18, 1980, approximately seven weeks after the court set the July trial date, Sollars and Cox filed their motions for discharge under CR 4(C). Engle filed a similar motion the following day. On July 1, the trial court overruled the motions for discharge and granted Relators' motions for continuances to enable them to seek relief in this Court.

For the purposes of this action we will assume the CR 4 time period had expired on or before the date Relators filed their motions for discharge. We will further assume there were no delays attributable to the Relators which would have extended the time under subsection (F) of the rule.

There is nothing in the record before us to indicate Relators ever objected to the July 8 trial date. They simply waited until a year had transpired from the date of their arrest and then filed motions for discharge. Relators never raised the CR 4 issue until they filed their motions for discharge on June 19.

Relators had a duty to raise their right to be tried within one year of their arrest at the earliest opportunity when their trial date was set beyond the CR 4 time limit. Failure to do so constitutes a waiver of their right to discharge. *State ex rel. Wernke v. Hendricks Superior Court*, (1976) 264 Ind. 646, 348 N.E.2d 644; See also *State ex rel. Back v. Starke Circuit Court*, (1979) Ind., 390 N.E.2d 643.

In *Utterback v. State*, (1974) 261 Ind. 685, 310 N.E.2d 552, the defendant stood by in silence while the court fixed a trial date beyond the allowable date. Such inaction having occurred at a time when the court could have corrected the error, was held to estop the defendant from enforcing his discharge rights. Such is the situation in the instant case.

The Writs of Mandate sought by the Relators are hereby denied.

All Justices concur.