James R. FINK, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4-783A228.

Court of Appeals of Indiana,
Fourth District.

Dec. 10, 1984.

Barry D. Sherman, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

YOUNG, Judge.

Having been convicted by jury of criminal confinement, James Fink initiated this appeal. We affirmed his conviction in our decision published at 469 N.E.2d 466, concluding that he was not entitled to discharge pursuant to Ind.Rules of Procedure, Criminal Rule 4(B). Fink now petitions for rehearing, which we grant for purposes of clarifying our discussion of waiver of the right to a speedy trial under C.R. 4.

In our original decision, we concluded that Fink's invocation of the seventy-day speedy trial period defined by C.R. 4(B) was not defeated by the prosecution's simultaneous dismissal and refiling of fac-

tually-related charges. We upheld his conviction, however, on grounds that his failure to object to the setting of trial beyond the statutory deadline constituted a waiver of his right to discharge under the rule. Appellant now emphasizes the trial court's belated action on January 12, 1983, the final day of the statutory period, to schedule trial for April 18, 1983. As a practical matter, the state could no longer bring him to trial within the statutory time limits, a fact which he contends obviates his duty to make a timely objection.

 Fact-sensitive by nature, C.R. 4 determinations regarding a defendant's waiver of the right to a speedy trial in such circumstances must proceed on a case-by-case basis. Our courts have only once before tenuously embraced the position urged by appellant for the first time on rehearing. In *Pillars v. State* (1979), 180 Ind.App. 679, 390 N.E.2d 679, the Third District held that the defendant was entitled to be discharged pursuant to C.R. 4, despite his failure to object immediately when the trial court one week prior to expiration of the statutory period rescheduled trial to a date beyond the one-year limitation of C.R. 4(C). Judge Staton in his majority opinion relied primarily upon the fact that the defendant lacked notice of the rescheduling of trial until the day before he filed his objection, and accordingly held that the objection was timely. He also observed, however, that because the period expired only a week after the trial date was changed, an earlier objection was unlikely to have enabled the court to reschedule trial within the proper period. In support of this proposition, the court in *Pillars* cited Justice DeBruler's dissenting opinion in *State ex rel. Wernke v. Superior Court of Hendricks County* (1976), 264 Ind. 646, 348 N.E.2d 644, suggesting that the purpose normally served by the rule requiring a timely objection becomes irrelevant when a timely trial is no longer possible. The majority in *Wernke*, however, declined to address the issue.

Rather than reach this issue in the present case, we note the logical merits of appellant's position regarding a situation which entails competing considerations of judicial economy and judicial realism. Although this case is distinguishable on its procedural history from *Pillars*, and we therefore find alternative grounds on which to affirm the trial court's denial of Fink's motion for discharge, the likelihood of recurrence of this situation warrants discussion of the issue.

 On the one hand, we note the strong rationale underlying the general and well-established rule that upon learning within the statutory period that trial has been set beyond the period, the defendant must object or be deemed to have waived the error. *Martin v. State* (1981), Ind.App., 419 N.E.2d 256. Such an objection must be made at the earliest opportunity so that the court may reschedule the trial for a date within the proper period. *Id.* While the defendant has no affirmative duty to bring himself to trial, *State ex rel. Back v. Starke Circuit Court* (1979), 271 Ind. 82, 390 N.E.2d 643, the duty to object serves to notify the trial court and the state of the defendant's claim regarding expiration of the period. Even as the statutory deadline fast approaches, the state upon notice of a meritorious speedy trial objection then faces the clear alternatives of proceeding to an immediate trial, voluntarily dismissing the charges, or suffering an adverse ruling by the trial court or on appeal.

Here, on the other hand, we have the extreme case in which the trial court does not act to schedule trial until the final day of the statutory period. Appellant correctly asserts that, realistically, his failure to object is of little import when it is no longer feasible for the state to commence trial within the time limits imposed by C.R. 4. As Judge Garrard has observed in the similar context of *Pillars, supra:*

> ... [n]either the spirit [n]or the letter of the rule has been complied with if the state permits a case to totally languish ... and then in a flurry of activity discovers the trial court's calendar too con-

gested to permit trial within the remainder of the period.

390 N.E.2d at 685 (Garrard, J., concurring).

■ Were it not for independent indicia of waiver in the present case, we would be inclined to agree with appellant's position that he was entitled to discharge under the rule. The procedural history of this case, however, indicates that prior to the actual scheduling of trial, appellant was afforded ample notice of and opportunity to object to the state's intention to try him beyond expiration of the statutory period. As appellant concedes in his petition, the record shows that on December 15, 1982, four weeks prior to expiration of the seventy-day period, the court set the omnibus hearing for February 16, 1983. At this juncture, Fink was adequately apprised that the state would not be prepared to try him in compliance with his speedy trial request, and it became incumbent upon him to alert the court to this fact. So our courts have held on closely analogous procedural facts, concluding that failure to object to the setting of a preliminary date beyond the statutory deadline constitutes waiver of defendant's speedy trial claim. *See Sumner v. State* (1983), Ind., 453 N.E.2d 203 (failure to object to scheduling of pretrial conference for a date subsequent to expiration of seventy-day C.R. 4(B) period); *Wernke, supra* (acquiescence in setting of date for arraignment beyond one-year deadline of C.R. 4(C)).

The trial court's judgment is affirmed.

MILLER, P.J., and CONOVER, J., concur.