**Todd L. SIPE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 10A01–9707–CR–236.**

Court of Appeals of Indiana.

Jan. 30, 1998.

Dennis V. Panarisi, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant Todd L. Sipe appeals the post-conviction court's order denying his petition for post-conviction relief. Sipe presents several issues for our review which we consolidate and restate as follows: (1) whether Sipe waived his right to a speedy trial by failing to timely object to the continuance of his plea hearing; and (2) whether the trial court improperly continued his plea hearing.

### FACTS

On October 21, 1989, Sipe and his friend, Kevin Hawkins, drove to Lewis Bower's residence in order to steal beer from Bower's shed. After they arrived at Bower's residence, Sipe and Hawkins began prying a lock off of the shed. Upon hearing the commotion, Bower went to the door of his trailer to investigate. Sipe and Hawkins then approached Bower and a struggle ensued. During the altercation, Hawkins stabbed Bower over eighty times, which resulted in Bower's death. Sipe and Hawkins then took the beer from Bower's shed and, shortly thereafter, left town.

In April of 1995, Sipe was charged with Murder,[1] Burglary,[2] a Class A Felony, and Felony Murder.[3] On June 22, 1995, Sipe, who was incarcerated in a California prison, submitted his request for a speedy trial pursuant to the Interstate Agreement on Detainers (IAD), which was received by the prosecutor on July 19, 1995. Sipe was then returned to Indiana where he entered into a written plea agreement on September 25, 1995. As part of the agreement, Sipe agreed to plead guilty to burglary and to testify against Hawkins in return for the State's promise to dismiss the murder and felony murder charges.

Sipe's plea hearing was initially set for October 24, 1995. However, at the State's request and without Sipe's objection, the trial court continued the hearing until January 18, 1996. On January 16, 1996, however, Sipe filed a motion for discharge, alleging that he was denied his right to a speedy trial pursuant to the IAD. Following a hearing, the trial court denied Sipe's motion for discharge and reset his plea hearing for May 6, 1996, which was subsequently continued on the court's own motion to May 23, 1996. Thereafter, on May 23, 1996, Sipe plead guilty to burglary pursuant to the plea agreement. The trial court then dismissed the murder and felony murder charges against Sipe.

On November 8, 1996, Sipe filed a petition for post-conviction relief, alleging that the trial court erred by denying his motion for discharge. On April 8, 1997, the post-conviction court denied Sipe's petition. Sipe now appeals.

### DISCUSSION AND DECISION

#### I. Waiver Of Speedy Trial

■ Sipe contends that the post-conviction court erroneously determined that he waived

1. IND.CODE § 35–42–1–1(1).

2. IND.CODE § 35–43–2–1.

3. IND.CODE § 35–42–1–1(2).

his right to a speedy trial by failing to make a timely objection. A defendant, who files a petition for a speedy trial pursuant to the IAD, is entitled to be brought to trial within 180 days from the time his written notice of final disposition is received by the trial court and the prosecuting attorney. IND.CODE § 35–33–10–4, Article 3. Generally, a defendant who is not brought to trial within 180 days is entitled to be discharged. *Allen v. State,* 636 N.E.2d 190, 193 (Ind.Ct.App.1994), *trans. denied.* However, a defendant who fails to object to a hearing date prior to the expiration of the 180–day period waives his right to a speedy trial. *Reid v. State,* 670 N.E.2d 949, 952 (Ind.Ct.App.1996), *trans. denied.*

Here, the record reveals that the State was required to bring Sipe to trial by January 15, 1996. Nevertheless, Sipe failed to object when the trial court continued his hearing to January 18, 1996. Rather, Sipe remained silent until the expiration of the 180–day period, when he filed his petition for discharge. Because Sipe failed to object within the 180–day period, he has waived his right to a speedy trial.

■ Nevertheless, Sipe contends that, because he entered into the plea agreement, the trial court was required to toll the 180–day period for thirty days and, as a result, the 180–day period did not expire until February 14, 1996. Therefore, according to Sipe, his motion to discharge constituted a timely objection to the hearing dates set after February 14, 1996. We disagree.

Initially, we note that Sipe has failed to present a cogent argument explaining why the trial court was required to toll the 180–day period for thirty days after he entered into the plea agreement. Additionally, he cites no authority supporting his proposition. Therefore, he has waived this issue on appeal. *See Collins v. State,* 643 N.E.2d 375, 379 (Ind.Ct.App.1994) (failure to present cogent argument and citation to authority results in waiver of issue on appeal), *trans. denied.*

■ Notwithstanding waiver, Sipe's argument still fails. A defendant who enters into a plea agreement subsequent to his demand for a speedy trial, but prior to the expiration of the 180–day period, advances a position inconsistent with his right to a speedy trial and, thus, waives his speedy trial right. *See Payne v. State,* 658 N.E.2d 635, 640 (Ind.Ct.App.1995), *trans. denied.* Although the defendant in *Payne* made his speedy trial request pursuant to Ind.Crim. Rule 4(B)(1), we are, nevertheless, persuaded by the reasoning in *Payne.* Similar to the defendant in Payne, Sipe advanced a position inconsistent with his speedy trial right by entering into the plea agreement. Therefore, he has waived his right to a speedy trial. As a result, the trial court properly denied his motion for discharge.[4]

## II. Continuances

Finally, Sipe contends that the trial court improperly continued his plea hearing on three separate occasions in violation of the procedural requirements enumerated in the IAD. Specifically, he claims that the trial court improperly continued his hearing to January 18, 1996, without a showing of good cause. Additionally, he claims that the continuances to May 3, 1996, and May 23, 1996, were improperly issued on the court's own motion, without good cause and without prior notice.

■ The purpose of post-conviction relief is to raise issues unknown or unavailable to the defendant at the trial level. *Cossel v. State,* 675 N.E.2d 355, 358 (Ind.Ct.App.1996). Therefore, any issue which could have been addressed at trial may not be raised in a post-conviction proceeding. *Johnson v. State,* 502 N.E.2d 90, 91 (Ind.1986).

■ Here, the record reveals that Sipe failed to object to the continuances in the trial court. Although Sipe contends that an objection to the continuances at the trial level would have been denied, he has failed to allege that this issue was not available.

---

4. Sipe also argues that the post-conviction court erred by determining that he waived his right to a speedy trial when he plead guilty to burglary. However, having previously concluded that Sipe waived his right to a speedy trial by failing to timely object, we need not address his contention.

Therefore, he is precluded from raising this issue in his petition for post-conviction relief.

Judgment affirmed.

NAJAM and RILEY, JJ., concur.