WAYNE PRESTON CARTER *v.* STATE OF INDIANA.

[No. 376S72. Filed April 19, 1977.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

HUNTER, J.—An indictment charging Wayne Preston Carter, the defendant, with first degree murder was presented to the Vanderburgh Circuit Court. A trial was had before a jury which returned a verdict of guilty of first degree murder and the defendant was given a life sentence. The defendant now appeals raising the following issues:

 I. Whether a witness's prior statement was properly admitted and whether the instructions relating to prior statements were properly given;

 II. Whether a witness's in-court identification of the defendant was tainted; and

 III. Whether the court's instruction on the concept of reasonable doubt confused and misled the jury.

The facts and evidence adduced at trial viewed most favorably to the judgment reveals that a man shot Golda Fulling in the course of robbing her of her purse. Mrs. Fulling died as a result of this wound, the bullet entering the right side of her face and lodging itself in the cranial cavity. This man was identified by one of the witnesses to the event as being the defendant.

### I.

At trial the state sought to introduce a prior written statement of Johnny Fleming. Defense counsel's motion in limine had previously been overruled and he objected at trial that the statement was admissible only for impeachment purposes and that introduction of the statement violated the defendant's

right to a fair trial. The objection was overruled and the statement was introduced into evidence.

We have held that prior statements of witnesses which violate the traditional hearsay rule are admissible as substantive evidence since the out-of-court declarant is present and available for cross-examination. *Patterson* v. *State,* (1975) 263 Ind. 55, 324 N.E.2d 482. Both consistent and inconsistent statements are admissible under this theory and it is no ground for objection that the statement has been repudiated. *Torrence* v. *State,* (1975) 263 Ind. 202, 328 N.E.2d 214.

Here, the witness was offered leniency by police officers in return for a statement concerning the defendant's involvement in this homicide. Fleming made a statement which recited an admission by the defendant. The statement also placed in the defendant's possession a gun of the same caliber as that used in the homicide and described the defendant's flight from a yellow car, which later was identified as possibly being a police car. This statement was properly admitted under our *Patterson* holding. The defendant makes an unsupported statement that this denies him of his right to a fair trial. We do not agree. The declarant was available for cross-examination at trial, and this prerogative was exercised. The jury had before it both the statement and its repudiation. The jury, by hearing the testimony and observing the witness's demeanor, was capable of weighing the truth of the statement.

Two instructions on prior statements of witnesses were given by the court over the defendant's objection. The first advised the jury that prior written statements may be considered in determining the guilt or innocence of the defendant. The second instruction advised the jury that prior oral statements could not be considered as substantive evidence of guilt, but could only be used in determining the credibility of a witness. The defendant objected on the basis that these instructions were incorrect statements of

the law, violating his right to a fair trial. In his brief the defendant also argues that the first instruction improperly commented upon the testimony of a single witness. Grounds for objection not raised at trial are not available for review. *Strickland* v. *State,* (1977) 265 Ind. 664, 359 N.E.2d 244.

The instruction on prior oral statements was an incorrect statement of law. To make oral prior statements stand on a different footing from written ones is an unnecessarily narrow reading of *Patterson, supra.* No special imprimatur is given to written statements.

We find no prejudicial error, however, in the giving of this instruction. *Pinkerton* v. *State,* (1972) 258 Ind. 610, 283 N.E.2d 376. Other prior statements were introduced at trial. Prior grand jury and deposition testimony of eye witness Tammy Hurd was used during cross-examination. Deposition testimony of Fleming, in which he denied the truth of his written statement, was mentioned. And a prior statement of a pawnbroker's wife was admitted to show that she had never seen the gun which defendant had pawned, but was told by her husband that it was .25 caliber. The defendant's case was not harmed if the jury heeded the instruction as to these statements. The reason for the use of these statements was to test the credibility of the various witnesses, and no prejudice inured to the defendant from the instruction.

## II.

During the direct examination of the witness Tammy Hurd, defense counsel objected to any identification testimony. A hearing was held out of the presence of the jury on his objection that pre-trial photographic displays were so suggestive as to lead to irreparable misidentification. The objection was overruled and the witness made a positive identification of the defendant.

Upon a timely and proper objection, testimony concerning an extrajudicial photographic display is excluded where the

procedure employed was unnecessarily suggestive. *Simmons* v. *U.S.*, (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Johnson* v. *State,* (1972) 257 Ind. 634, 277 N.E.2d 791. Where an improper pre-trial identification has occurred, the witness is permitted to identify the accused in court, if the subsequent identification is reliable, i.e., not a product of the suggestive previous identification. *Neil* v. *Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Bowen* v. *State,* (1975) 263 Ind. 558, 334 N.E.2d 691; *Manns* v. *State,* (1973) 260 Ind. 680, 299 N.E.2d 824.[1]

Here, the witness saw a man run in front of her, about two yards distant, heard a shot, and turned to see the man leaning over a prostrate woman and taking her purse. She had seen the man twice previously and gave the police a description. On the day of the crime she was shown a book and a separate grouping of photographs, but could make no identification. Later she made a tentative identification of the defendant from a group of eight colored photos. The next day she made a positive identification of the defendant from a group of eight black and white photos based on the side view contained in the black and white set and the longer goatee in the colored photo.

On the facts presented, it is apparent the photographic display was unnecessarily suggestive. The witness described the man to police as having a goatee and only the defendant had a goatee among those pictured in the last display. Additionally, he may have been the only one portrayed in this last display who was also among those in a previous grouping.

However, there was no error in permitting the witness to make an in-court identification. She had seen the defendant at least twice previous to the crime. She observed the man from a distance of about two yards at 3:30 in the afternoon on the day of the crime, although briefly, and described the look she got as pretty good. All the facets of her initial

1. For an example of an irreparably suggestive pre-trial identification, see Foster v. Cal., (1968) 394 U.S. 440, 89 S.Ct. 1127, 22 L. Ed.2d 402.

description to police were corroborated by other witnesses, indicating a high degree of attention. A caution insusceptible to suggestion is indicated by her inability to make any identifications from books of photographs on the day of the crime and from her tentative initial identification of the defendant in the first group in which he appeared. Her testimony indicates that she was certain and unwavering in her identification of the defendant. On the totality of the circumstances, the identification was properly admitted.

### III.

The last issue raised by the appellant concerns the court's instruction on reasonable doubt. He objects that the sentence, "Also the bare possibility that the defendant is innocent does not raise a reasonable doubt," confused and misled the jury.

Instructions should be read as a whole and the impact of the entire charge should be considered in determining reversible error. *James* v. *State*, (1976) 265 Ind. 384, 354 N.E.2d 236. An instruction which is apt to mislead or confuse the jury should not be given. If the jury's reaction is prejudicial to the defendant, then the case must be reversed. *Brewer* v. *State*, (1969) 253 Ind. 154, 252 N.E.2d 429.

It is unnecessary for us to indulge in discourse on the possible meanings of "bare possibility" of innocence. The defendant gives no statement in his brief which explains to what erroneous conclusion the jury was misled. Bare allegations of error do not present an issue to this Court. In light of the fact that the language of possibility was juxtaposed with an instruction not to act upon whim or speculation, we do not believe the defendant was prejudiced by this instruction.

There being no reversible error shown, the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Arterburn and DeBruler, JJ., concur; Prentice, J., concurs in result.

NOTE.—Reported at 361 N.E.2d 1208.