KEVIN LAIRD ARCH *v.* STATE OF INDIANA.

[No. 577S353. Filed October 16, 1978.]

Lee J. Christakis, of Gary, for appellant.

Theodore L. Sendak, Attorney General, Michael Gene Worden, Deputy Attorney General, for appellee.

PIVARNIK, J.—Following a jury trial in the Lake Criminal Court, appellant Arch was found guilty of first-degree murder and was sentenced to life imprisonment on January 7, 1977. Nine issues are presented for review in this appeal. However, appellant has declined argument on four of these issues thus waiving them pursuant to Ind. R. Ap. P. 8.3 (A) (7). The five remaining issues concern: (1) the trial court's denial of his Motion for Discharge; (2) the trial court's denial of his Motion to Suppress; (3) the admission into evidence of prior statements made by an accomplice; (4) the sufficiency of the evidence supporting his conviction, and; (5) whether there occurred fundamental error as a result of certain alleged errors which were not raised by appellant at trial.

I.

Appellant first contends that the trial court erred in denying his Motion for Discharge under Ind. R. Crim. P. 4(B). The facts relevant to this issue show that on April 26, 1976, appellant filed a Motion for Early Trial pursuant to Ind. R. Crim. P. 4(B) (1). On June 2,

1976, the trial court scheduled a Readiness Conference for June 28, however, for reasons not disclosed, the conference was not held at that time. On Friday, July 2, three days prior to the expiration of the seventy day period provided by criminal rule 4(B), the court set appellant's trial for October 18, 1976. Thereafter, on July 14, 1976, the trial court reset the Readiness Conference for July 26. The Readiness Conference was held on July 26, 1976, at which time the court directed both parties to complete discovery and to submit all pre-trial motions on or before September 1, 1976. On August 31, 1976, appellant filed his Motion for Discharge which motion was heard and denied on September 16, 1976. Following numerous delays which were clearly attributable to motions filed by appellant, trial commenced on December 13, 1976.

Appellant contends that his right to a speedy trial was violated on July 5, 1976, seventy days after the filing of his Motion for Early Trial. He argues that up until this time there were no delays which were attributable to his actions and further, that he may not be found to have acquiesced in the October 18 trial setting because neither he nor his attorney were given notice of such setting. We disagree. While it may be true that appellant was not notified of the exact trial setting prior to the expiration of the seventy day period, it is not true that he was without notice of the fact that the trial date would almost certainly be set, beyond the time allowed by Criminal Rule 4(B). The record shows that the Readiness Conference originally scheduled for June 28, was not held until July 26. At the conference, both appellant and the state were ordered to complete discovery and submit all pre-trial motions by September 1. Thus, appellant was well aware that his trial would take place after July 5, as the Readiness Conference had not yet been held nor had either side completed discovery by that time. Under these facts, it was necessary that appellant, if he genuinely desired to be tried before July 5, object to the trial court's

scheduling of the proceedings at a time when the court could yet grant him a trial date within the proper period. *Serrano* v. *State*, (1977) 266 Ind. 126, 360 N.E.2d 1257, 1259; *Buchanan* v. *State*, (1975) 263 Ind. 360, 364, 332 N.E.2d 213, 217. As no such objection was made, appellant had acquiesced in being tried after July 5. We therefore hold that appellant was not entitled to be discharged.

## II.

Appellant next argues that the trial court erred in denying his Motion to Suppress a confession made to police following his arrest. A review of the record reveals that appellant was arrested on Friday, February 13, 1976. After Arch was read the *Miranda* warnings he was taken to the police station where he was again advised of his rights before being placed in a cell. Appellant was taken from his cell to an interrogation room the next morning at 10:00 a.m. There he was advised of his rights but declined to make a statement at that time. At 3:30 p.m. the same day, appellant was returned to the interrogation room where he was advised of his rights and signed a written waiver of rights form. Appellant then made a confession which was the subject of his Motion to Suppress.

Appellant's sole claim with respect to the admissibility of his confession is that because he was not taken before a magistrate at the first reasonable opportunity, the statement should have been suppressed. Delay in presenting a defendant before a magistrate does not make a confession inadmissible as a matter of law, but is rather one factor to be considered in the question of admissibility. *Murphy* v. *State*, (1977) 267 Ind. 184, 369 N.E.2d 411, 415. The question of admissibility is largely to be controlled by determining, from the totality of circumstances, whether or not the confession was made voluntarily. The circumstances to be considered include whether the confession was freely self-determined, the product of a rational intellect

and free will, without compulsion or inducement of any sort, and whether the accused's will was overborne. *Id.* at 414. We review the question on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial probative evidence to support the trial court's finding. *Works* v. *State*, (1977) 266 Ind. 250, 362 N.E.2d 144. We will not disturb a trial court's ruling on the admissibility of a confession when such ruling is based on substantial, though conflicting evidence. *Riggs* v. *State*, (1976) 264 Ind. 263, 270, 342 N.E.2d 838, 843. In the present case, appellant was advised of his rights on several occasions. He had been arrested with probable cause. Arch admitted that he read, understood and signed a waiver of rights form prior to making the confession, at a point less than twenty four hours after his arrest. The arresting and interrogating officers testified that appellant appeared normal and that he gave the statement without any threats or inducements from the officers. We find that there was substantial evidence from which the trial court could have concluded that appellant's confession was given freely and voluntarily and was not the product of a Fourth Amendment violation. *Compare Brown* v. *Illinois*, (1975) 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416; *Williams* v. *State*, (1976) 264 Ind. 664, 348 N.E.2d 623. There was no error in the admission of this statement.

## III.

Appellant's next assignment of error concerns the admission into evidence of prior statements made by appellant's confederate, Dennis Williams who had earlier pleaded guilty to second-degree murder. At appellant's trial, the state called Williams as a witness. When Williams failed to recall the events in question, the court declared him a hostile witness thus requiring the state to introduce his confession, the transcript of his guilty plea, and the transcript of his sentencing. Appellant objected on the grounds of hearsay and the confrontation clause of the Sixth Amendment. Appellant

concedes that these statements are admissible under this court's decision in *Patterson* v. *State*, (1976) 263 Ind. 55, 324 N.E.2d 482, however, he argues that where the declarant had something to be gained by making his earlier statements, *Patterson* should not control notwithstanding the declarants availability for cross-examination. A very similar issue was recently decided by this court in *Carter* v. *State*, (1977) 266 Ind. 196, 361 N.E.2d 1208, 1209, where it was stated:

"Here, the witness was offered leniency by police officers in return for a statement concerning the defendant's involvement in this homicide ... This statement was properly admitted under our *Patterson* holding ... The declarant was available for cross-examination at trial, and this prerogative was exercised. The jury had before it both the statement and its repudiation. The jury, by hearing the testimony and observing the witness's demeanor, was capable of weighing the truth of the statement."

Here, as in Carter, the fact that Williams' earlier statements were made as part of a plea arrangement merely goes to his credibility as a witness which is an issue for the jury. There is no error here.

## IV.

Appellant next challenges the sufficiency of the evidence supporting his conviction. Specifically, he argues that there was no evidence introduced at trial which tended to prove that Cornelia Riley was, in fact, the victim of the homicide. The evidence and reasonable inferences therefrom which are most supportive of the verdict reveal that the body of a young black woman was found in a vacant lot in Gary on February 7, 1976. In the pocket of the victim were found two check cashing cards. One of these cards was registered to Cornelia Riley and the other to Dennis Williams. A pathologist testified that the victim died as a result of two gunshot wounds. The statement of Dennis Williams established that Williams knew Miss Riley personally, and that appellant had shot and killed her and left her body in a vacant lot in Gary. We find this evidence sufficient to sustain the verdict of the jury.

## V.

Appellant finally contends that three unrelated errors allegedly committed during his trial, which were not properly preserved for appeal, constituted fundamental error. Appellant concedes that each of these errors was waived for failure to object at trial. Also, none of these errors, standing alone would constitute fundamental error. However, appellant argues that appellate review of these issues is not precluded because the errors, when taken together, somehow rise to the level of fundamental error. We point out that an error is either fundamental error or it is not. We cannot approve of a theory which would allow appellants to aggregate unpreserved, nonfundamental errors so that the same may be reviewed on appeal. Accordingly, the three errors argued in this appeal are waived.

The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Hunter, JJ., concur; Prentice, J., dissents with opinion.

## DISSENTING OPINION

PRENTICE, J.—I dissent to the decision of the majority upon issue I. I recognize that the circumstances here indicate that the defendant may have acquiesced to a trial date subsequent to the expiration of the time permitted under Criminal Rule 4(B)(1). However, this conclusion can be arrived at only by resorting to some speculation.

The scheduling, on June 2nd, for a "readiness conference" on June 28th, a date only seven days prior to the deadline date indicates that the defendant was aware that the trial setting would not meet the time limitation requirements. However, this was not a certainty. It was yet possible for the trial to have commenced prior to the critical date. Additionally, the record does not indicate that the defendant was even notified that the "readiness conference" had been so scheduled.

We have previously held that a defendant is not required to take any steps to obtain an early trial, beyond filing of a proper motion. We have also held that a defendant is not entitled to discharge for failure of the court to bring him to trial within the period prescribed by our rules if he acquiesced in a late setting. *Serrano* v. *State,* (1977) 266 Ind. 126, 360 N.E.2d 1257; *Utterback* v. *State,* (1974) 261 Ind. 685, 310 N.E.2d 552; *Bryant* v. *State,* (1973) 261 Ind. 172, 301 N.E.2d 179; *Buchanan* v. *State,* (1975) 263 Ind. 360, 332 N.E.2d 213. In *Bryant,* we said "No valid distinction can be made between this and the rule requiring the complaining party to make timely objection, i.e. in time to allow the alleged error to be avoided or corrected." 261 Ind. 172, 174.

It is true that in the case before us, the defendant had made no objection to the trial setting until the readiness conference of July 26th, at which time he filed his motion for discharge. But, there is nothing in the record to indicate that the defendant either did anything or failed to do anything which contributed to the court's error of failing to set the case for trial on or before the critical date of July 5th. Under such circumstances, he was entitled to discharge on July 6th; and, although he may, thereafter, have been remiss in failing to move for his discharge promptly, such failure, nevertheless could not have contributed to the error that entitled him to be discharged.

Our prior decisions have simply protected the State against the loss of its right to bring a defendant to trial through error to which the defendant contributed. The decision of the majority in the case before us goes much further and restores to the State the right to try a defendant after such right has been lost. Our Court of Appeals recognized the distinction between the two situations in *Wilson* v. *State,* (1977) Ind. App., 361 N.E.2d 931, and I would be guided by their decision in that case.

NOTE.—Reported at 381 N.E.2d 465.