**William BAKER, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 679S157.**

Supreme Court of Indiana.

Feb. 13, 1980.

Benjamin F. Crawford, III, Terre Haute, for appellant.

Theo. L. Sendak, Atty. Gen., Jeffrey K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant William Baker was charged in Vigo Superior Court with criminal deviate conduct, Ind.Code § 35–42–4–2 (Burns 1979 Repl.). This charge arose out of the attack and sexual assault of a woman on the campus of Indiana State University on October 23, 1977. Appellant was tried to a jury and convicted on this charge. The trial court sentenced Baker to thirty years imprisonment. Appellant raises two issues for our review, concerning: (1) whether the trial court erred in denying appellant's motion to suppress and admitting his confession into evidence; and (2) whether the evidence is sufficient to sustain the conviction.

I.

Appellant first challenges the admissibility of his confession. He argues that, under the totality of circumstances, the confession was given involuntarily. In support of this issue, appellant cites us to evidence which allegedly indicates that he was coerced into making the confession.

As an initial matter, we note our standard of review on a question of this type. We review the question of the admissibility of a confession as we do other sufficiency matters. We do not weigh the evi-

dence, but rather determine whether there is substantial evidence to support the trial court's finding. This Court will not disturb a trial court's ruling on this question when that ruling is based on conflicting evidence. *Tyson v. State* (1979) Ind., 386 N.E.2d 1185, 1188–89; *Arch v. State* (1978) Ind., 381 N.E.2d 465, 468; *Carpenter v. State* (1978) Ind., 383 N.E.2d 815, 818; *Combs v. State* (1978) Ind., 372 N.E.2d 179, 180; *Harrison v. State* (1978) Ind., 382 N.E.2d 920, 923–924; *Richardson v. State* (1978) Ind., 373 N.E.2d 874, 875. *See Owen v. State* (1978) Ind., 381 N.E.2d 1235, 1239.

In the case before us, the evidence most favorable to the State reflects that appellant was arrested on November 27, 1977, and charged with carrying a concealed weapon. At the time of his arrest, appellant was not a suspect in this case. He pleaded guilty to this charge and was sentenced to one year imprisonment on the Indiana State Farm. A few days later, the police officers investigating the present case went to the State Farm to question appellant on this charge. At that time, appellant signed a waiver of rights form but denied any involvement in the crime. No statement was obtained on this visit.

Approximately four weeks later, the police officers went back to the State Farm to discuss the case with Baker. Prior to any interrogation, the officers presented Baker with the arrest warrant charging him with the crime in question. The warrant was read to appellant, and one of the officers explained to appellant the nature and gravity of the charge. The officers then read to appellant his *Miranda* rights. Appellant was provided with a copy of these advisements to enable him to read along as the officer read to him. It appeared to the officers that appellant did, in fact, read the copy given to him. This same procedure was used at the prior interrogation session. On both occasions, appellant appeared to understand the advisements given to him. There was evidence that appellant had obtained a high school diploma and was pursuing further study at Indiana State University. He did not ask any questions; nor did he request an explanation of any of the warnings given to him. On both occasions, appellant signed the waiver of rights form.

Shortly after the second session began, appellant gave a full confession of his commission of this crime. At the end of this statement, appellant was asked if he had anything he wanted to add. He replied: "Just that I'd like to know what made me do it." He then stated, in response to other questions, that his statement had not been given in exchange for any promises, that he had not been coerced or threatened in any way, and that he had been advised of his rights before making the statement. Both interrogating officers testified that they had made no promises to appellant and had not coerced or threatened him or subjected him to physical abuse.

 There was a great deal of conflicting evidence presented on the question of the voluntariness of appellant's confession. Appellant highlights those portions of the record which tend to imply that he was coerced, in a number of subtle ways, into giving this confession. However, on each of these factual questions, evidence was presented which points to a contrary conclusion. As we noted above, these conflicts in the evidence were for· the trial court to resolve. We think there was substantial evidence presented from which the trial court could have found beyond a reasonable doubt that appellant was not coerced in any way and that his confession was given voluntarily. The trial court did not err in denying the motion to suppress and admitting the confession into evidence.

## II.

 Appellant next argues that, without this confession, the evidence was insufficient to sustain the conviction. We held above that the trial court properly admitted the confession into evidence. The confession, then, was fully probative on the issue of guilt, and, in this case, appellant admits in his confession each essential element of this crime. *See Hudson v. State* (1978) Ind., 375 N.E.2d 195, 196. Moreover, the victim

in this case unequivocally testified as to what appellant forced her to do, and clearly identified appellant as her assailant. Thus, even discounting appellant's confession, the evidence was sufficient to sustain the conviction. *See Bowen v. State* (1975) 263 Ind. 558, 334 N.E.2d 691. *See also Harris v. State* (1978) Ind., 373 N.E.2d 149.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.