Mark PHILLIPS, Appellant,

v.

STATE of Indiana, Appellee.

No. 679S165.

Supreme Court of Indiana.

Sept. 1, 1981.

J. A. Cummins, Public Defender for Delaware County, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Phillips was sentenced in the Delaware Circuit Court to a term of twenty years upon his conviction for the crime of rape, a class B felony, twenty years for his conviction for the crime of burglary, a class B felony, and five years for his conviction for the crime of robbery, a class C felony. The trial judge ordered that the sentences were to be served consecutively. Appellant raises two issues for our consideration in this appeal, concerning: (1) error of the trial court in overruling defendant's motion to suppress his confession, and (2) abuse of discretion of the court in providing that the sentences would run consecutively rather than concurrently.

On September 12, 1978, Margaret Merrill, an eighty-five year old woman, was awakened by noise in her bedroom. There was a man in her bedroom who threatened to kill her during the course of the events that followed. He forced her to have sexual intercourse with him, took four dollars ($4.00) from her purse and physically abused her in such a rough manner that she was injured. It was her testimony that she recognized her assailant to be the defendant, Phillips.

I.

Shortly after defendant was apprehended by the police, he signed a waiver of rights form acknowledging advice of his rights and his intention to waive them and confessed to the acts constituting these charges against him. Prior to trial, he filed a motion to suppress this statement of confession, claiming that it was not made voluntarily, intelligently and knowingly, since he was under the influence of drugs at the time and further that the police unduly coerced him into making the confession. We review a question of this nature on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial probative evidence to support the trial court's finding. We will not disturb a trial court's ruling on the admissibility of a confession when such ruling is based on substantial, though conflicting, evidence. *Taylor v. State*, (1980) Ind., 406 N.E.2d 247; *Baker v. State*, (1980) Ind., 400 N.E.2d 137;

*Arch v. State*, (1978) 269 Ind. 450, 381 N.E.2d 465 at 468; *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144; *Riggs v. State*, (1976) 264 Ind. 263, 270, 342 N.E.2d 838, 843.

At the suppression hearing defendant testified that he was under the influence of phencyclidine at the time of the giving of his statement and he remembered nothing of it, except that he did ask the officers for help. This testimony is in direct conflict with the testimony of several other witnesses. Police Detective Scroggins testified that when the defendant was arrested, he offered a false name and false identification. Scroggins testified that the defendant understood what he was being asked but tried to convince the officer that his name was actually Jeremy Wilson. Several other officers observed the defendant and talked to him at the time of his confession and stated that he did not appear to be under the influence of any drugs and that he appeared to know what he was doing and to be generally well oriented. Detective Botkin testified that defendant did state to her that he was in need of help and she told him only that she would have someone talk to him at the jail. There is no evidence that there was any promise or inducement made to exact a confession from him.

▮ When a defendant challenges the voluntariness of his confession by alleging that he was under the influence of drugs, he must introduce evidence from which it could be concluded that the amount and nature of drugs consumed could produce an involuntary statement. This then would be just one factor to be considered by the trier of fact in determining whether a statement was voluntary. *Taylor v. State, supra; George v. State*, (1979) Ind.App., 397 N.E.2d 1027; *Villanueva v. State*, (1978) Ind.App., 383 N.E.2d 437; and *McPherson v. State*, (1978) Ind.App., 383 N.E.2d 403. The record here shows that defendant's evidence at the suppression hearing demonstrated, at most, conflict, but there was ample evidence from which the trial court could reasonably find that defendant's confession

was voluntarily, willingly, and knowingly made. We therefore find no error in its admission into evidence.

## II.

▮ Defendant asks us to find that the trial judge abused his discretion when he ordered that the sentences imposed be served consecutively rather than concurrently. He does not argue that the trial judge erred in imposing additional imprisonment for the aggravating factors he found to be present in the commission of these crimes. The record bears out the fact that the trial judge did, in fact, find aggravating factors and circumstances that he used in determining there would be no suspended sentence and further there would be an assessment of additional time of imprisonment as provided in the statutes. Aggravating circumstances filed by the trial judge were that the defendant had a history of criminal activity, that the defendant had a history of drug use and abuse, that the defendant needed correctional and rehabilitative treatment that could best be provided by his commitment to a penal facility, that the imposition of a reduced sentence or suspension of sentence would depreciate the seriousness of the crime, and that the victim was eighty-five years of age and physically infirm. We have previously held that there is no constitutional right to have sentences run concurrently. *Merrifield v. State*, (1980) Ind., 400 N.E.2d 146, 151. Ind. Code § 35–50–1–2 (Burns Repl. 1979) provides that the trial court "... shall determine whether terms of imprisonment shall be served concurrently or consecutively." This statute took effect October 1, 1977, and was therefore applicable when these crimes were committed and when appellant was tried and sentenced. The record supports the trial judge by demonstrating that the factors justifying increases over the basic sentences and the imposition of consecutive terms of imprisonment were, in fact, present as he found them to be. *Gardner v. State*, (1979) Ind., 388 N.E.2d 513; *see also, Mott v. State*, (1980) Ind., 402 N.E.2d 986; *Merrifield v. State*, supra; *Garrett v. State*, (1980) Ind.App., 411 N.E.2d 692.

The judgment of the trial court is in all things affirmed.

GIVAN, C. J., and HUNTER, and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.