**Michael Todd DOWNS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 683S207.

Supreme Court of Indiana.

Sept. 17, 1985.

William C. Erbecker, Jack R. Sutherland, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of murder, I.C. § 35–42–1–1; and conspiracy to commit murder, a class A felony, I.C. §§ 35–41–5–2 and 35–42–1–1. The case was tried before a jury. Appellant received a sixty year sentence for murder and a fifty year concurrent sentence for conspiracy to commit murder.

Appellant raises four issues on appeal: (1) whether trial court erred in admitting his confession and recorded statement; (2) whether trial court erred in excluding his Exhibit J, a copy of the trial court order for psychiatric examination of him; (3) whether he should be granted a new trial due to newly discovered evidence; (4) whether there is sufficient evidence to support his convictions.

These are the facts from the record that tend to support the determination of guilt. On July 30, 1982, at 10:30 p.m., appellant went to the victim's house. Appellant, the victim's wife, Sharon Evans, and her two sons, Craig Wade and Phillip Wade, were friends. On July 31, 1982, at 2:50 a.m., the victim's wife and her sons left the house to deliver newspapers. Only appellant and the victim remained in the house. When they returned from their paper route, appellant came upstairs from the basement, and announced that the victim was dead. Subsequently, Sharon Evans took appellant home. At 5:30 a.m., Officer William Miller responded to a call and went to the victim's house. He observed the victim lying in a bed with extensive head injuries. A pathol-ogist testified that the cause of death was a blunt trauma to the head. A detective took appellant in for questioning at 9:30 a.m. The detective read appellant his rights and appellant executed a written waiver of rights form. Thereafter, appellant admitted that he killed the victim for $1200 dollars by striking him with a steel pipe. Sharon Evans and appellant agreed that he would kill the victim, Claude Evans, for $1200.

I

Appellant argues that the trial court erred in admitting into evidence the statement he made to the police on July 31, 1982. He contends that he did not voluntarily give the statement because he was under the influence of drugs and alcohol. He raised the issue in his motion to suppress which the trial court denied. He also objected to the admission of the statement at trial.

"The question of the admissibility of a statement or confession is controlled by determining from the totality of circumstances whether or not the confession was given voluntarily and not through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Arch v. State* (1978), 269 Ind. 450, 381 N.E.2d 465; *Pawloski v. State* (1978), 269 Ind. 350, 380 N.E.2d 1230; *Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144. The question of voluntariness is one for the trial court. We review the question on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. This is true even though conflicting evidence is presented to the trial court on the issue of voluntariness. *Arch v. State, supra; Riggs v. State* (1976), 264 Ind. 263, 342 N.E.2d 838.

*Schutz v. State* (1981), 275 Ind. 9, 413 N.E.2d 913, 915.

█ The evidence that supports the trial court's finding of voluntariness is as fol-

lows. Detective Layton of the Indianapolis Police Department went to appellant's home at 9:30 a.m. on July 31, 1982. He asked appellant to accompany him to police headquarters for questioning in reference to a homicide. Appellant complied with his request. Layton read appellant his rights before they left appellant's home. Layton testified that appellant did not appear to be under the influence of alcohol or drugs. At the police station, Detective Wright entered the room where appellant was waiting. Wright told appellant he was investigating a homicide which had occurred on Dearborn Street. Wright then advised appellant of his rights. At 10:30 a.m., Wright read to appellant from an advise of rights/waiver of rights form. Thereafter, both Wright and appellant signed the form. Subsequently, appellant admitted to Wright that he killed Claude Evans for $1200 dollars by striking him with a steel pipe. At 11:00 a.m., Wright recorded appellant's statement. Wright again advised appellant of his rights at the beginning of the recorded statement. In the recorded statement, appellant acknowledged that he had been informed of his rights and that he had waived his rights voluntarily. Also, in the recorded statement, appellant stated that he was not under the influence of drugs or alcohol.

At trial, witness Phillip Wade testified that he did not see appellant drink any alcohol or smoke anything during the evening of July 30, 1982, or the early morning of July 31, 1982. Dr. Hull, who had examined appellant pursuant to a court order, testified that he observed in appellant no inability to recall the events of the critical time period. Moreover, appellant testified in detail about his activities during the critical time period.

The evidence here is sufficient to warrant the ruling that appellant was coherent and in control of his faculties and that his decision to waive his rights and confess was freely self-determined. The trial court did not err in admitting the statements into evidence.

## II

Appellant argues that the trial court erred in excluding his Exhibit J, a copy of the trial court order for psychiatric examination of him. He sought to use the evidence contained in the rejected exhibit in order to prove that he was under the influence of drugs and alcohol during the offense and during the police interrogation.

In order for evidence to be admissible, it must be relevant. Relevance is the logical tendency to prove a material fact. *Lake County Council v. Arrendondo* (1977), 266 Ind. 318, 321, 363 N.E.2d 218, 220. Evidence which would otherwise be admissible may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *McCormick* § 185, at 435; *United States v. Chapin* (D.C.Cir.1975), 515 F.2d 1274; *Kiefer v. State* (1958), 239 Ind. 103, 153 N.E.2d 899; *Hawkins v. State* (1941), 219 Ind. 116, 37 N.E.2d 79.

Here the contested evidence merely tends to prove that the court appointed psychiatrists examined appellant pursuant to court order. It does not tend to prove the material fact he sought to establish. The trial court properly excluded the exhibit, as the evidence contained therein was irrelevant to the material fact at issue.

## III

Appellant argues that he should be granted a new trial due to newly discovered evidence. After the trial, witness Craig Wade was convicted of perjury. Wade's conviction related to inconsistent statements he made at appellant's trial and Evan's trial. Appellant contends that the impeachment power of a conviction for perjury is far greater than the impeachment power of a prior inconsistent statement. As a result of this increased impeachment power, he claims that the jury might have reached a different result.

"To sustain a claim for a new trial based on newly discovered evidence, a defendant must show. (1) that the evidence has

been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that it could not, by due diligence have been discovered in time for trial; (7) that it is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.

*Bradburn v. State* (1981), Ind., 425 N.E.2d 144, 146; *Johnson v. State* (1984), Ind., 464 N.E.2d 1309.

■ Despite the greater impeachment power of a perjury conviction, it is still merely impeaching. Furthermore, the effect of the perjury conviction on the jury probably would not produce a different result, considering appellant's confession and the testimony of Phillip Wade and Detective Wright. The fact of Craig Wade's conviction for perjury does not warrant a new trial based on newly discovered evidence.

### IV

Appellant argues that his conviction for murder and his conviction for conspiracy to commit murder are not supported by sufficient evidence.

■ This Court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 185 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

The evidence as set forth in the statement of facts is clearly sufficient to support his convictions.

The convictions are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.