**Sam WHITT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 185S37.**

Supreme Court of Indiana.

Oct. 2, 1985.

Howard S. Grimm, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In a trial by jury, appellant was found guilty of Possession of a Narcotic Drug, Possession of Cocaine, Resisting Law Enforcement and Criminal Recklessness. He received a sentence of eight (8) years on Count I, eight (8) years on Count II, six (6) months on Count III and six (6) months on Count IV. All sentences are to run consecutively, for a total of seventeen (17) years.

The facts are: At about 7:23 p.m., on April 25, 1983, appellant was proceeding east on Pontiac Street, approaching the intersection with Anthony Boulevard, in Fort Wayne. Uniformed officers Gregory Lewis and Keith Butts were in a marked car, observing traffic at the intersection. The appellant turned left, or north, onto Anthony Boulevard, and in so doing accelerated in such a manner as to squeal the tires on his car. The officers immediately pursued appellant for the sole reason that, in their judgment, he was proceeding too fast and in a manner too reckless for traffic conditions in that location. Instead of stopping when the officers turned on their red light and siren, appellant increased his speed in an apparent attempt to evade apprehension.

Three other police officers, Ricardo, Robles and Meeks, were in another marked police vehicle one block north of the intersection above-described. When they saw their fellow officers start the pursuit of appellant and saw appellant accelerate in an attempt to evade apprehension, they pulled their marked car into the intersection, flashing their red lights and turning on their siren. However, as appellant approached at high speed they backed their car out of the intersection in order to avoid a collision with the pursuing police car. They then joined in pursuit of appellant, who proceeded one more block then turned right, or to the east, stopped his vehicle, exited and attempted to evade the officers on foot.

He proceeded in a northeasterly direction to the back of a house on the corner of Anthony and Diamond Streets, then behind the house in a northerly direction for a short distance. He then turned sharply to his left, or west, and proceeded toward the front of the house. Officer Lewis was in pursuit. Officer Robles, upon exiting his vehicle, proceeded north past the front of the house, positioned himself between the houses, and saw appellant running toward him. Officer Robles testified appellant reached into his pocket, retrieved a plastic bag with a white powdery substance and pitched it to the ground. Appellant was apprehended and the bag of powder was retrieved. This bag was kept in the possession of Officer Meeks until it was turned over to Margaret Kimble of the Fort Wayne Police Department.

Kimble testified at the time she received the bag from Officer Meeks it contained both white powders and a sort of brownish powder. Kimble testified she ran a preliminary examination of the contents and found the presence of an opium derivative. Further tests on her part were inconclusive. She resealed the bags and prepared them for submission to the Indiana State Police Laboratory. Subsequently, the laboratory notified her of the completion of the test. She personally went to the State Police Laboratory and obtained the evidence. It was kept in a locked evidence safe until it was retrieved to be brought into court.

State Police Chemist Ann Senior testified as to State's Exhibits 3 through 7 and stated that Exhibit No. 3 was found to contain heroin, Exhibit No. 4 contained cocaine, Exhibit No. 5 contained heroin, Exhibit 6 contained cocaine and Exhibit No. 7, which was in two parts, contained cocaine and heroin.

Appellant claims the trial court erred in admitting State's Exhibits 3 through 7 for the reason that they were produced by unlawful police activity. He takes the position the police had no probable cause to stop him, in that he was making a legal turn in the proper manner when the police started in pursuit of him. This is in direct conflict to the testimony of the police.

Police officers are charged with the safety of persons using the public

streets and highways. It is their duty to stop persons who, in their opinion, are operating a motor vehicle in a fashion which, under the circumstances, presents a hazard to others. This was the testimony of the officers in this case. Thus they had probable cause to initiate the pursuit. Certainly when the pursuit was initiated and appellant did not obey the signal to stop, but instead accelerated his vehicle, he gave the officers probable cause to follow in pursuit. The probable cause in fact was so evident that another police car a block up the street in the direction of the pursuit recognized the situation and aided the other officers in their capture of appellant. *See Gipson v. State* (1984), Ind., 459 N.E.2d 366.

Appellant also questions the admissibility of State's Exhibits 3 through 7, claiming a lack of sufficient chain of custody. He claims evidence of a lack of continuity in chain of custody and a discrepancy in the weight of the exhibits shown by the records of the Fort Wayne Police and the records of the State Police.

This is readily explainable, for State's Exhibits 3 through 6, in that the Fort Wayne Police weight was greater than the weight indicated by State Police. The Fort Wayne police had attempted testing of the material before turning it over to State Police, thus naturally depleting the quantity somewhat. There is a discrepancy as to the two parts of State's Exhibit No. 7, in that the Fort Wayne police indicate a slightly lower weight than indicated by the State Police. Appellant argues this is evidence of tampering with the exhibit. The differences in weight were minimal. For Exhibit 7 (Item 5–A), the Fort Wayne Police showed 0.41 grams, whereas the State Police showed 0.5 grams, and for Exhibit 7 (Item 5–B), the Fort Wayne Police showed .97 grams, whereas the State Police showed 1.0 gram.

■ The State is required to prove that the evidence passed through various hands in an undisturbed condition. *Kolb v. State* (1972), 258 Ind. 469, 282 N.E.2d 541. However, the mere possibility of tampering alone will not render the chain broken or the evidence inadmissible. *Wilhelm v. State* (1983), Ind., 455 N.E.2d 595. These discrepancies were clearly placed before the trier of fact. It was the jury's prerogative to weigh these facts and come to a reasonable conclusion therefrom.

■ There is sufficient evidence in this record, when taken in its entirety, to justify the finding of the jury that appellant was in fact in control of controlled substances and that the State had discharged its burden in demonstrating a sufficient chain of possession from the time of appellant's arrest until the substance was produced in court. This Court will not reweigh that evidence to come to an opposite conclusion. *Baker v. State* (1980), 272 Ind. 554, 400 N.E.2d 137. The trial court did not err in admitting State's Exhibits 3 through 7.

The trial court is in all things affirmed.

All Justices concur.