Ezell AGNEW, Appellant,

v.

STATE of Indiana, Appellee.

No. 985 S 355.

Supreme Court of Indiana.

Jan. 26, 1988.

Susan K. Carpenter, Public Defender, M.K. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant for Burglary, a Class A felony, for which he received a sentence of forty (40) years, and Robbery, a Class A felony, for which he received a sentence of twenty (20) years, the sentences to run concurrently.

The facts are: During the evening of March 20, 1984, Violet Brown, an 84-year-old woman, was watching television in her home at South Bend. She heard a noise and took her flashlight to investigate. She discovered appellant coming through her bathroom window. Appellant took the flashlight from Brown and struck her on the head causing a wound which required ten stitches to close. Appellant tore the telephone from the wall, lowered the shades in the front room, took loose change and coin rolls with the victim's name and address on the wrappers, and also took her television set. He then demanded the keys to her automobile. Appellant tied the victim to a chair before leaving through a bedroom window.

Stanley Williams testified he knew appellant and that appellant came to his house on March 20 with a television set. Appellant was bleeding from cuts on his shoulder which he said he received in a fight with his girl friend. Williams identified the victim's television set as the set appellant brought to his home.

Appellant was arrested the following day in Michigan City, Indiana, as he entered the victim's automobile in a shopping mall parking lot. Appellant was handcuffed and placed in the back seat of a police car to be transported to the police station. Upon arriving at the police station, the officers discovered the victim's car keys in the back seat of the police car. A search of appellant's person disclosed a coin wrapper with the victim's name and address on it.

At the jail, appellant was read his *Miranda* rights following which he gave two statements to the police officers. In the first statement, he denied guilt and in the second he confessed to the offense. Police Officers Whippo and Wilson both testified that at the time appellant gave his statements he was alert and lucid and gave no indication that he was under the influence of any intoxicant. Appellant claims he was under the influence of LSD, marijuana, and alcohol at the time of his confession.

Appellant claims the trial court erred in admitting his statement made at the police station and further that the court erred in overruling his motion to suppress the statement. It is appellant's position that he was under the influence of drugs and alcohol at the time of his confession and was incapable of consenting thereto, thus the statement was not given freely and voluntarily. Appellant attempts to support his position by the fact that he was treated in the LaPorte County Jail two days following his arrest for an "LSD flashback." He further cites evidence that he had a long history of drug abuse.

■ Appellant's history of drug abuse and the fact that he suffered an LSD flashback two days following his arrest were admissible for the consideration of the jury but certainly were not determinative of appellant's condition at the time he gave his statement. The testimony of the police officers was unequivocal that appellant was lucid and apparently not under the influence of any intoxicant at the time he gave his confession. That evidence was contradicted only by appellant himself who testified to the contrary, therefore, there

was a matter of conflict of evidence to be weighed by the jury. *Coleman v. State* (1986), Ind., 490 N.E.2d 711.

This Court will not disturb a trial court's ruling on the admissibility of a confession when it is based on conflicting evidence. *Phillips v. State* (1981), Ind., 425 N.E.2d 119. There is ample evidence in this record to support the decision of the trial judge to admit appellant's confession into evidence.

■ Appellant claims the prosecuting attorney engaged in an improper rebuttal argument in that he commented upon the trial court's instruction to the jury that they may consider the flight of a defendant as evidence of consciousness of guilt. The jury had before it the fact that appellant had taken the victim's automobile and escaped from her residence. He was found some twenty-four hours later in Michigan City, some twenty-five mile distance from the scene of the crime. Under these circumstances, it was entirely proper for the trial judge to give the instruction concerning flight. It was for the jury to weigh the evidence to determine whether or not it in fact showed flight to the extent of showing consciousness of guilt. *Banks v. State* (1971), 257 Ind. 530, 276 N.E.2d 155. There was no error in the comment made by the prosecuting attorney.

Appellant also claims the trial court erred in giving the instruction on flight. In addition to claiming that the instruction was not properly within the evidence, appellant also claims that it unduly highlighted a single aspect of the evidence. Although in every case flight is a single aspect of evidence, it is entirely proper to give an instruction on such evidence. The instruction given in this case was a standard instruction and was properly given in view of the evidence submitted to the jury. *Id.* The trial court did not err in giving such an instruction.

■ Appellant claims he was denied effective assistance of counsel in that counsel failed to thoroughly investigate his use of narcotic drugs and failed to properly suppress his incriminating statement which he claims was made while under the influence

of drugs. At the hearing on the motion to correct error, the trial counsel testified that he knew of appellant's history of drug use but that in view of appellant's lucid recollection of the commission of the crime and the circumstances surrounding the giving of his statement at the time of his arrest, he felt that there was an ethical question involved in his attempt to present the issue of intoxication to the extent of nullifying appellant's confession. Appellant specifically points to the fact that his counsel did not obtain the testimony of persons at the LaPorte County Jail concerning his "LSD flashback" two days following his confession. Such evidence would have had very little bearing on appellant's condition at the time he gave the confession.

Appellant is entitled to fair and vigorous representation. Such representation must be within the confines of legal ethics and must be kept within the legitimate issues of the case. We see nothing in this record which indicates a violation of the standards laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.