**Wayne Preston CARTER, Petitioner,**

v.

**Jack R. DUCKWORTH and Indiana Attorney General, Respondents.**

**Civ. No. S89–269.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 1, 1989.

Wayne Preston Carter, pro se.

Kimberlie Antrim Forgey, Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On June 16, 1989, *pro se* petitioner, Wayne Preston Carter filed a petition seeking relief under 28 U.S.C. § 2254. The return filed on August 18, 1989, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

This petitioner was convicted of the crime of first degree murder in the Vanderburgh Circuit Court in Evansville, Indiana, and was sentenced to a term of life imprisonment on October 20, 1975. Petitioner is not challenging that sentence. As a matter of fact, that sentence was affirmed by the Supreme Court of Indiana in *Carter v. State*, 266 Ind. 196, 361 N.E.2d 1208 (1977) *cert. denied* 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142 (1977), and there is apparently pending in the United States District Court for the Southern District of Indiana in Evansville, Indiana, a petition under 28 U.S.C. § 2254 in regard to that sentence.

Here, the sole complaint is with regard to a Conduct Adjustment Board (C.A.B.) hearing which is alleged to be in violation of the due process clause of the 14th Amendment of the Constitution of the United States. This petitioner is incarcerated at the Indiana State Prison in Michigan City, Indiana, serving the aforesaid life sentence for murder. The C.A.B. found him guilty of an institutional violation of trafficking and extortion. The petitioner divides his complaints as follows: (1) placement in administrative segregation pending investigation, prior to a conduct report being issued; (2) insufficiency of evidence to support the C.A.B. guilty finding; (3) insufficiency of statement made by C.A.B. in support of finding of guilt; (4) insufficient statement to support sanctions imposed; and (5) improper use of confidential information.

There is before this court the Affidavit of Howard W. Abbott, Jr., the investigator at the Indiana State Police which includes exhibits which are all documents relating to this petitioner's C.A.B. conviction with the exception of the confidential portions of the investigation which were not provided to the petitioner. The confidential portions of the investigation have been filed in camera and have been personally examined by this court.

The state appears to concede that § 2254 is an appropriate vehicle for this petition to proceed under citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). *See also McCollum v. Miller*, 695 F.2d 1044 (7th Cir.1982); *Jackson v. Carlson*, 707 F.2d 943 (7th Cir.1983). This petitioner did not lose any credit time and was not demoted in credit class. Without explicitly saying so, the Attorney General of Indiana seems to be tacitly conceding that there is no available remedies under the law of Indiana in view of *Hasty v. Broglin*, 531 N.E.2d 200 (Ind.1988).

On December 13, 1988, this petitioner was placed on administrative segregation pending investigation of charges that he had engaged in trafficking. The prison investigator was granted four extensions of time in which to complete his investigation.

On January 26, 1989, the investigator issued a Report of Investigation of Incident setting forth his conclusion that the petitioner "has been involved in trafficking and the selling of drugs to the Indiana State Prison offenders". On that day, the investigator issued a second Report of Investigation of Incident setting forth his conclusion that Carter had also been involved in extortion in the sale of drugs to Indiana State Prison offenders where "money is collected for the sale of drugs by send-ins

(money placed on their account by friends and/or family of offenders owing money) commissary orders, cash, etc.," and that the petitioner was also cancelling or destroying inmate commissary orders at will, forcing inmates to become deeper in debt by being unable to sell at their commissary to make payments on their debts. The report detailed that cocaine and marijuana were being smuggled into the prison to the petitioner and another inmate, and that over a six month period "a total of approximately $1,699.00 had been deposited to the accounts of Carter" and of the other inmate. Two Conduct Reports formally charging Carter with the offenses of Trafficking and Extortion were issued on the same date.

These reports and a Notice of Disciplinary hearing were given to the petitioner on January 30, 1989, notifying him that a hearing would be held on February 3, 1989. The petitioner noted on the Notice form that he plead not guilty, wished to be accompanied by a lay advocate, and in lieu of witnesses, would bring statements to the hearing.

On February 1, 1989, the petitioner through his lay advocate requested a continuance of the C.A.B. hearing. The hearing was continued to February 7, 1989. At the hearing the petitioner testified in his own behalf, and presented statements from other inmates explaining how the petitioner's character was beyond reproach and explaining that they had given him money because the petitioner had so graciously extended them fifty dollars to two hundred fifty dollars credit by ordering them commissary items when they were unfortunately unable to pay for them. The C.A.B. did not buy it. The C.A.B. credited the investigation and the confidential information upon which it was based and found the petitioner guilty of Trafficking and Extortion. On the Extortion conviction the C.A.B. imposed a sanction of two years of disciplinary segregation starting from the day he was originally segregated. On the Trafficking conviction, the C.A.B. revoked a previously suspended sentence to one year disciplinary segregation. As indicated

above, there was no depravation of earned time credit or demotion in credit class.

The petitioner took an administrative appeal to the superintendent of the Prison and to the Director of the Adult Institutions for the Department of Correction which were duly denied.

It appears that this petitioner is no longer in administrative segregation, and since the only remedy available under § 2254 is release from custody, that issue appears to be moot under authority of *McCollum v. Miller,* 695 F.2d 1044, 1046 (7th Cir.1982). It is also important to note that this petitioner was given credit for the time he had served in administrative segregation prior to his C.A.B. hearing. His disciplinary segregation sentence began to run from the date he was placed in such segregation.

This record must be examined preliminarily under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Supt., Mass. Corr. Institution at Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356. At a later time, it must be specifically examined under the authorities pertaining to confidential information.

There is no real argument that the evidence admitted to the C.A.B., if believed, established the guilt of this petitioner of both the offenses of Trafficking and Extortion. It is elementary that it is not for this court to engage in a review of the entire proceedings. This court is not a court of general appeal from such decision. This court has a fundamentally important, but narrow responsibility to examine this record in terms of the constitutional mandates *Wolff v. McDonnell* and *Supt. Mass. Corr. Institution at Walpole v. Hill.* As a general proposition, the findings here do comport with the mandates of *Culbert v. Young,* 834 F.2d 624 (7th Cir.1987) *cert. denied,* 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988); *Saenz v. Young,* 811 F.2d 1172 (7th Cir.1987).

█ The court must specifically examine the use of confidential information under the four alternative established in *Wells v. Israel,* 854 F.2d 995, 998–999 (7th Cir.1988). *Wells,* establishes four alternatives to prove confidential information is reliable in

C.A.B. hearing. These options are: (1) the oath of the investigating officer as to the truth of his report containing confidential information and his appearance before the Disciplinary Committee; (2) corroborating testimony; (3) a statement on the record by the chairman of the Disciplinary Committee that "he had first hand knowledge of the sources of the information and considered them reliable on the basis of their past record of reliability", or (4) in camera review of material documenting the investigator's assessment of the credibility of the confidential information. *See also Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985), *cert. denied*, 476 U.S. 1142, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986).

■ Here, the C.A.B. relied on the fourth method, namely, an in camera review of the material documenting the investigator's assessment of the credibility of the confidential informant. This court has also examined such documentation that has been provided in camera to it, and the in camera nature has been preserved in this record for such review as may take place on any appeal of this case. This court and this court alone has examined the in camera material.

An examination of the aforesaid information convinces this court based on its long involvement in cases such as this from the Indiana State Prison that the assessment of the C.A.B. with regard to the investigator's assessment of credibility of the confidential informant is well taken. The due process mandates of *Wolff v. McDonnell* and *Supt. Mass. Corr. Institution at Walpole v. Hill*, are established. The quite lawyer-like traverse filed by the petitioner in fourteen pages on September 21, 1989, does not convince this court otherwise.

The petition is now DENIED. IT IS SO ORDERED.