989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kavin L. ARCH, Petitioner/Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents/Appellees.
 No. 92-1207.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 8, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Kavin L. Arch[1] appeals the district court's dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, for failure to exhaust state court remedies. Arch contends that an eight-year delay on the part of the Office of the Indiana Public Defender appointed to represent him in state post-conviction proceedings is ground for waiving the exhaustion requirement and reaching the merits of his petition. Because we agree that the state court did not create a procedural impediment to Arch's ability to proceed on his own to exhaust his available state court remedies, we affirm the district court.
 
 I. BACKGROUND
 
 2
 Following a jury trial, Kavin L. Arch was found guilty of first-degree murder and was sentenced to life imprisonment on January 7, 1977. His conviction was affirmed on direct appeal.[2] See Arch v. State, 269 Ind. 450, 381 N.E.2d 465 (1978). Arch filed a pro se petition for post-conviction relief in state court on February 28, 1983, and the state court appointed the Office of the Public Defender of Indiana to represent him. More than eight years have elapsed without a hearing or decision. In the meantime, the state court has denied two motions by Arch to appoint another attorney to represent him. On July 3, 1991, Arch filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in federal district court.[3] In this petition, Arch alleged that his petition for post-conviction relief filed in state court had not been heard due to inordinate delay. Arch also raised the following substantive grounds for relief: (1) denial of due process at trial, because his attorney was not notified of a pretrial conference; (2) violation of his right to a speedy trial; (3) incompetency of trial counsel; (4) improper denial of his motion for a change of venue; and (5) illegality of his initial arrest.[4]
 
 
 3
 In their return, respondents argued that Arch had failed to exhaust remedies still available to him under the Indiana Rules of Procedure for Post-Conviction Remedies, and that there was no rule or other procedural impediment precluding Arch from proceeding pro se.[5] Respondents submitted the affidavits of Susan K. Carpenter, Public Defender of Indiana, and John Ribble, the deputy public defender assigned to represent Arch, which stated that the delay in assisting Arch was not deliberate or with intent to prejudice him, but was due to the backlog of post-conviction cases in their office. Arch filed a traverse, arguing that he should not be required to exhaust state court remedies because the delay in his case had rendered such remedies unavailable. Arch also requested an evidentiary hearing to determine if respondents had misled the court concerning the reason for the delay. After considering these documents, the district court determined that Arch had failed to exhaust available state court remedies, and accordingly dismissed his petition without prejudice. Although Arch filed his notice of appeal six days late, the district court granted Arch's motion for an extension of time. This court then allowed the appeal to proceed.
 
 II. ANALYSIS
 
 4
 A petition for a writ of habeas corpus brought pursuant to § 2254 must be dismissed if available state remedies have not been exhausted as to any of the petitioner's federal claims. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). Under 28 U.S.C. § 2254(c), a claim is not deemed exhausted as long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." Furthermore, we may waive the exhaustion requirement only in unusual cases "(w)here state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions." Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 22 (1963) (per curiam ); see also 28 U.S.C. § 2254(b). Thus, an inordinate or unjustifiable delay for which the state is responsible would allow us to excuse the exhaustion requirement. See Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981); Dozie v. Cady, 430 F.2d 637, 638 (7th Cir.1970).
 
 
 5
 In this case, as in Lane v. Richards, the inordinate delay in hearing Arch's state court petition for post-conviction relief is attributable to the Public Defender of Indiana appointed to represent him, not to the state court. See Lane, 957 F.2d at 365. Moreover, there is nothing in the record to indicate that the Indiana courts will not allow Arch to proceed pro se. Cf. Dozie, 430 F.2d at 637 (petitioner alleged that the Wisconsin Supreme Court would not accept a pro se brief, since he was represented by counsel). As the district court correctly observed, the state of Indiana is not required to provide counsel to assist prisoners in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987). Nor can the state be held responsible for counsel's delay in prosecuting a collateral attack. See Lane, 957 F.2d at 365 (counsel's errors in representing a prisoner on collateral attack are not attributed to the state) (citing Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991)). Since Arch has no right to be represented by the Public Defender of Indiana, and Indiana has created no procedural obstacles to Arch's proceeding on his own, Arch has failed to show that the requirement of exhaustion of state court remedies should be waived in this case.
 
 
 6
 In his petition, Arch alleges three grounds for relief which were not presented to the Indiana Supreme Court on direct appeal: (1) that failure to notify him of a pretrial conference violated his right to due process; (2) that his trial counsel was incompetent; and (3) that his initial arrest was illegal. Since the issue of the adequacy of Arch's counsel at trial has not been decided on direct appeal, see Castille, 109 S.Ct. at 1059, and is still open to collateral attack in Indiana, see Lane, 957 F.2d at 366, Arch has not procedurally defaulted on this claim. Id.; see 28 U.S.C. § 2254(b); see also Gornick v. Greer, 819 F.2d 160, 162 n. 4 (7th Cir.1987). Because Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, requires complete exhaustion of all claims raised in a habeas petition prior to obtaining federal review, Arch must first exhaust his state court remedies before seeking federal habeas relief.
 
 CONCLUSION
 
 7
 The district court's dismissal without prejudice of Arch's petition for a writ of habeas corpus is therefore
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Arch was known to the district court as "Laird Arch," and to the Supreme Court of Indiana as "Kevin Laird Arch." His petition for a writ of habeas corpus under § 2254 is signed "Kavin L. Arch."
 
 
 [2]
 On direct appeal, Arch raised the following issues: (1) the violation of a state procedural rule requiring a speedy trial; (2) error in the trial court's denial of his motion to suppress his confession; (3) admission into evidence of a witness's prior statements violated the Sixth Amendment confrontation clause; (4) the evidence against him was insufficient; and (5) three errors, which were not raised at trial, when considered together constituted "fundamental error." See Arch v. State, 269 Ind. 450, 381 N.E.2d 465 (1978)
 
 
 [3]
 In his petition, Arch indicates that this is his second petition for habeas corpus filed in federal district court pursuant to § 2254. Arch states that his first petition, which raised the same issues as those decided by the Supreme Court of Indiana on direct appeal, was denied on July 23, 1979
 
 
 [4]
 In his federal habeas petition, Arch incorporates by reference the substantive grounds listed in his state petition for post-conviction relief
 
 
 [5]
 See Ind.P.C.R. 1, §§ 1, 8 and 9; Langley v. State, 256 Ind. 199, 211-12, 267 N.E.2d 538, 545 (1971) (discussing collateral review of ineffective assistance of counsel claim)